# 13-1573-cv(L)

## 13-1677-cv(CON), 13-1798-cv(CON), 13-1830-cv(CON), 13-1853-cv(CON)

IN THE

# United States Court of Appeals

### FOR THE SECOND CIRCUIT



IN RE BANK OF AMERICA CORP. SECURITIES, DERIVATIVE, AND
EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION

AMP CAPITAL INVESTORS LIMITED, COLONIAL FIRST STATE INVESTMENTS LTD,
H.E.S.T. AUSTRALIA LTD, MICHAEL WASHENIK, ORLOFF FAMILY TRUST DTD 10/3/91,
ORLOFF FAMILY TRUST DTD 12/31/01, ST. STEPHEN, INC., LEONARD MASIOWSKI,
MARYANN MASIOWSKI, MICHAEL J. RINIS, BABETTE RINIS, MICHAEL J. RINIS, IRA,

*Objectors-Appellants,*

*and*

CHARLES N. DORNFEST,

*Plaintiff-Appellant,*

*(Additional Caption on the Reverse and Following Page(s))*

*On Appeal from the United States District Court
for the Southern District of New York (New York City)*

## BRIEF AND SPECIAL APPENDIX FOR
## PLAINTIFF-APPELLANT CHARLES N. DORNFEST

Judith L. Spanier
ABBEY SPANIER, LLP
212 East 39th Street
New York, New York 10016
212-889-3700

Jeffrey H. Squire
Raymond A. Bragar
Lawrence P. Eagel
BRAGAR EAGEL & SQUIRE, P.C.
885 Third Avenue, Suite 3040
New York, New York 10022
212-308-5858

*Attorneys for Plaintiff-Appellant Charles N. Dornfest*

*v.*

PUBLIC PENSION FUNDS, THE PUBLIC PENSION FUND GROUP, STEVEN J. SKLAR, AS (IRA ACCOUNT BENEFICIARY), ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, RHONDA WILSON, ALMA ALVAREZ, MICHAEL R. BAHNMAIER, MARK ADAMS, ELIZABETH EAGEN, VERNON C. DAILEY, RICHARD ADAME, ARLENE KAHN, PETRA CHATMAN, STICHTING PENSIOENFONDS ABP, GRANT MITCHELL, NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION OF COLORADO, STEVE R. GRABER, INDIVIDUALLY, AS ASSIGNEE OF CLAIMS OF THE SRG 2008 TRUST, SCHWAB SP500 INDEX FUND, SCHWAB 1000 INDEX FUND, SCHWAB INSTITUTIONAL SELECT SP500 FUND, SCHWAB DIVIDEND EQUITY FUND, SCHWAB CORE EQUITY FUND, SCHWAB PREMIER EQUITY FUND, SCHWAB FUNDAMENTAL US LARGE COMPANY INDEX FUND, SCHWAB TOTAL STOCK MARKET INDEX FUND, SCHWAB SP500 INDEX PORTFOLIO, SCHWAB MARKETTRACK GROWTH PORTFOLIO, SCHWAB MARKETTRACK BALANCED PORTFOLIO, SCHWAB INVESTMENTS, SCHWAB CAPITAL TRUST, DR. SALOMON MELGEN, FLOR MELGEN, SFM HOLDINGS LIMITED PARTNERSHIP, INTERNATIONAL FUND MANAGEMENT S.A., DEKA INTERNATIONAL S.A. LUXEMBURG, DEKA INVESTMENT GMBH, DI, AARON KATZ, JOEL KATZ, SYLVIA WEISSMANN, PARKER FAMILY INVESTMENTS L.L.C., JEFFREY R. PARKER, THE 1997 JEFFREY R. PARKER FAMILY TRUST, DREW E. PARKER, THE 1994 DREW E. PARKER FAMILY TRUST, KEITH D. PARKER, JULIE M. SORIN, THE 1991 JEFFREY R. PARKER FAMILY TRUST, THE 1994 JULIE P. MANTELL FAMILY TRUST, MICHAEL A. PARKER, MARK D. WENDER, ELLIOT WENDER, PENINA WENDER, STANLEY L. WENDER, RAZELLE M. WENDER, JILL W. GOLDSTEIN, JERRY E. FINGER, AMBASSADOR LIFE INSURANCE COMPANY, SELECT INVESTORS EXCHANGE FUND, L.P., RICHARD FINGER, JEF FAMILY TRUST, 1976 REAL ESTATE TRUST, WALTER FINGER, THE JERRY E. FINGER FAMILY TRUST D/T/D 12/28/1989, THE JERRY E. FINGER FAMILY TRUST, LEO R. JALENAK, PEGGY E. JALENAK, KERS & CO., ROBERT GEGNAS, 198 LOCHA DRIVE, JUPITER, FL 334587752, STEVEN L. SHAPIRO, HARVEY M. MITNICK, NATHAN A. FRIEDMAN, BONNIE FRIEDMAN, KENNETH A. CIULLO, JOANNA CIULLO, THOMAS P. DINAPOLI, COMPTROLLER OF THE STATE OF NEW YORK, AS ADMINISTRATIVE HEAD OF THE NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS AND AS SOLE TRUSTEE OF THE NEW YORK STATE COMMON RETIREMENT FUND, SCHWAB FINANCIAL SERVICES FUND, O. TEMPLE SLOAN, JR.,

*Plaintiffs-Appellees,*

*v.*

BANK OF AMERICA CORP., GARY A. CARLIN, NELSON CHAI, KENNETH D. LEWIS, JOHN A. THAIN, FRANK P. BRAMBLE, SR., WILLIAM BARNET, III, JOHN T. COLLINS,

GARY L. COUNTRYMAN, TOMMY R. FRANKS, CHARLES K. GIFFORD, MONICA C. LOZANO, WALTER E. MASSEY, THOMAS J. MAY, PATRICIA E. MITCHELL, THOMAS M. RYAN, MEREDITH R. SPANGLER, ROBERT L. TILLMAN, JACKIE M. WARD, NEIL A. COTTY, JOE L. PRICE, BANC OF AMERICA SECURITIES L.L.C., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, BANK OF AMERICA, J. STEELE ALPHIN, AMY WOODS BRINKLEY, BARBARA J. DESOER, LIAM E. MCGEE, TIMOTHY J. MAYOPOULOS, BRIAN T. MOYNIHAN, BRUCE L. HAMMONDS, RICHARD K. STRUTHERS, BANK OF AMERICA CORPORATION CORPORATE BENEFITS COMMITTEE DEFENDANTS, BANK OF AMERICA COMPENSATION AND BENEFITS COMMITTEE DEFENDANTS, KEITH T. BANKS, TERESA BRENNER, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, GREGORY CURL, JOHN D. FINNEGAN, GREGORY FLEMING, FOX-PITT KELTON COCHRAN CARONIA WALLER (USA) L.L.C., J.C. FLOWERS & CO., L.L.C., JUDITH MAYHEW JONAS, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, MICHAEL ROSS, CHARLES O. ROSSOTTI, PETER STINGI, THOMAS K. MONTAG, KENNETH D. DAVIS, MARTIN I. FINEBERG, KENNETH A. LEWIS, MERRILL LYNCH & CO., INC., 4 WORLD FINANCIAL CNETER, NEW YORK, NY 10080, BANK OF AMERICA CORPORATION, 100 N. TRYON STREET, CHARLOTTE, NC 28255, JOSEPH L. PRICE, JEREMY FINEBERG,

*Defendants-Appellees,*

*and*

PETER KRAUS,

*Defendant.*

# TABLE OF CONTENTS

STATEMENT OF JURISDICTION ............................................................1

STATEMENT OF ISSUES ........................................................................2

STATEMENT OF THE CASE ....................................................................3

STATEMENT OF FACTS ........................................................................ 12

SUMMARY OF ARGUMENT .................................................................. 13

STANDARD OF REVIEW ....................................................................... 15

ARGUMENT ........................................................................................... 15

AFTER HOLDING LEAD PLAINTIFFS LACKED
STANDING TO REPRESENT THE BOA OPTIONS CLASS,
THE DISTRICT COURT ERRED BY PRECLUDING
DORNFEST FROM MOVING TO CERTIFY THAT CLASS ................. 15

    A.  The District Court Erred in Holding That Lead
        Plaintiffs' Lack of Standing was "Not Meaningful"................... 15

    B.  Nothing in the PSLRA Cures Lead Plaintiffs'
        Lack of Standing.......................................................................... 17

CONCLUSION ........................................................................................ 25

# TABLE OF AUTHORITIES

**Cases**

*Abrahamson v. Bd. of Education*,
  374 F.3d 66 (2d Cir. 2004) ................................................................. 15

*California Public Employees Retirement System v. The Chubb Corp.*,
  Civ. No. 00-4285 (GEB), 2002 U.S. Dist. LEXIS 27189
  (D.N.J. 2002) ........................................................................................ 21

*Cheney v. United States District Court*,
  542 U.S. 367 (2004) ............................................................................ 24

*Chill v. Green Tree Financial Corp.*,
  181 F.R.D. 398 (D.Minn. 1998) .................................................... 22, 23

*City of Pontiac Gen. Employees' Ret. Sys. v. MBIA, Inc.*,
  637 F.3d 169 (2d Cir. 2011) ............................................................... 15

*Hevesi v. Citigroup*,
  366 F.3d 70 (2d Cir. 2004) ............................................... 7, 18, 21, 22

*Hollingsworth v. Perry*,
  __U.S.___, 133 S. Ct. 2652, 186 L.Ed. 2d 768 (June 26, 2013) ......... 16, 18

*Horizon Asset Mgt. Inc. v. H & R Block*,
  580 F.3d 755 (8th Cir. 2009) .............................................................. 17

*In re Citigroup Inc. Sec. Litig.*,
  No. 07-Civ-09901 (SHS) (S.D.N.Y.) ................................................. 22

*In re Lehman Bros. Sec. and ERISA Litig.*,
  No. 08 Civ. 6762 (LAK), 2011 WL 1453790
  (April 13, 2011 S.D.N.Y.) ............................................................. 20, 21

*In re Merrill Lynch & Co. Inc. Sec., Derivative and ERISA Litig.*,
  07-Civ-09633 (JSR) (S.D.N.Y.) ......................................................... 22

*In re Royal Bank of Scotland Group PLC Sec. Litig.*,
   No. 09-Civ-00300 (DAB) (S.D.N.Y.) ...................................................... 22

*IndyMac Mortgage-Backed Sec. Litig.*
   No. 9 Civ. 4583 (LAK), 2011 WL 2508254
   (June 21, 2011 S.D.N.Y.) ........................................................................ 20

*Italian Colors Rest. v. Am. Express Travel Related Servs. Co.*,
   667 F.3d 204 (2d Cir. 2012) *rev'd on other grounds*
   *Am. Express Co. , v. Italian Colors Rest.*, 133 S.Ct. 2304 (2013) ............ 20

*Miller v. Wachovia*,
   No. 09-Civ-06351 (RJS) (S.D.N.Y.) ...................................................... 22

*National Super Spuds, Inc. v. New York Mercantile Exchange*,
   660 F.2d 9 (2d Cir. 1981) ........................................................................ 16

*Raines v. Byrd*,
   521 U.S. 811 (1997) ................................................................................ 18

*Richard Greenshields Securities, Inc. v. Lau*,
   825 F.2d 647 (2d Cir. 1987) .................................................................... 24

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
   396 F.3d 96 (2d Cir. 2005) ...................................................................... 15

## Statutes

15 U.S.C. § 78aa ............................................................................................... 1

15 U.S.C. § 78j(b) ............................................................................................ 1

15 U.S.C. § 78t(a) ............................................................................................ 1

15 U.S.C. § 78u-4(a)(3)(B) ................................................................... passim

28 U.S.C. § 1291 .............................................................................................. 2

28 U.S.C. § 1292(b) ............................................................................. 2, 10, 11

28 U.S.C. § 1331 ........................................................................................ 1

**Rules**

Fed. R. Civ. P. 23(f) ............................................................................. 2, 10

SEC Rule 10b-5, 17 C.F.R. §240.10b-5 ......................................................... 1

## STATEMENT OF JURISDICTION

The district court had jurisdiction pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States. Specifically, plaintiff-appellant Charles N. Dornfest ("Dornfest") asserted claims under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder, including SEC Rule 10b-5, 17 C.F.R. §240.10b-5 ("Rule 10b-5").

On July 29, 2011, the district court issued a Memorandum and Order (Joint Appendix For Plaintiff-Appellant at A1202-A1226, cited hereafter as "A___") dismissing all of lead plaintiffs' ("Lead Plaintiffs") option claims save one (a two year "leap" option (the "January 2011 Leap Option")) (A1225), and holding that Lead Plaintiffs lacked standing to assert claims for a "BOA Options Class" (i.e., persons who invested in Bank of America ("BOA") options during the Class Period – September 18, 2008 through January 21, 2009, inclusive – and were damaged thereby).

On September 29, 2011, the district court issued a Memorandum and Order (A1488-A1492) holding that Dornfest, an investor in 17 different BOA options, was precluded from making a motion to certify a BOA Options Class. (A1492)

On March 21, 2012, this Court issued a Mandate (A1571-A1572) (i) dismissing, without prejudice to Dornfest's right to seek certification of an interlocutory appeal under 28 U.S.C. § 1292(b), Dornfest's petition for leave to appeal under Fed. R. Civ. P. 23(f) from the district court's September 29, 2011 order precluding Dornfest from making a motion to certify the BOA Options Class; and, (ii) denying Dornfest's petition for a writ of mandamus.

On April 16, 2012, the district court issued a Memorandum and Order (A1614-A1617) denying Dornfest's motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) from the district court's September 29, 2011 Order that precluded Dornfest from making a motion to certify the BOA Options Class.

On April 9, 2013, the district court entered a final Judgment (A2009-A2022) that, in relevant part, dismissed Dornfest's complaint.

Plaintiff timely filed his Notice of Appeal (A2079-A2080) on April 25, 2013.

This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

(1)     Whether, after first holding that the Lead Plaintiffs lacked standing to represent a class of persons who had invested in the many BOA

options in which Dornfest had invested, did the district court err by then precluding Dornfest from moving to certify a class of such option investors?

(2)     Whether the district court erred when it held that the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B) (the "PSLRA"), empowered lead plaintiffs to prevent an investor from moving to certify a class of persons the lead plaintiffs had been held not to represent?

## STATEMENT OF THE CASE

On or about January 21, 2009, the first of a number of class action complaints[1] (A980) was filed against various defendants alleging that during the period from about September 18, 2008, through January 21, 2009 (the "Class Period"), BOA and various defendants made, with scienter, untrue statements of material fact and/or omitted material statements of fact regarding $5.8 billion in bonuses paid to employees of Merrill Lynch, ("Merrill") and failed to disclose, although required to do so, Merrill's $21 billion fourth quarter 2008 losses.   Those misrepresentations/omissions inflated the price of BOA securities and, when the truth was disclosed in January 2009, the price of those securities plummeted.  (A475-476)

---

[1]     Certain of these complaints alleged a class of all persons who, during the class period described therein, purchased BOA securities.  For example, a complaint filed by one of Lead Plaintiffs' eventual counsel alleged a class claim on behalf of "all persons who purchased or otherwise acquired the securities of Bank of America in the period from January 2, 2009 through January 20, 2009."  (A401)

Various plaintiffs filed notices and motions to be appointed (a) lead plaintiffs for a class of stock purchasers; (b) lead plaintiffs for derivative claimants; and (c) lead plaintiffs for a class of ERISA plaintiffs. (A422-424) Certain of those PSLRA notices, including at least one filed by counsel for a party eventually appointed lead plaintiff, purported to be issued for a class of purchasers of all BOA securities. (A860-A861) The district court (Chin, J.) ordered (A422-A446) the appointment of Lead Plaintiffs and their counsel in the BOA securities action (the "Securities Action") and also coordinated all filed cases. (A446)

On about September 25, 2009, Lead Plaintiffs filed a Consolidated Amended Class Action Complaint and alleged class claims on behalf of purchasers of BOA common stock, but did not allege any claims for BOA option investors. (A465-A600)

Since Lead Plaintiffs at that point had not sought to represent a BOA Options Class, on January 13, 2010, Dornfest filed a complaint (A618-A726) alleging claims for the BOA Options Class, and on January 15, 2010, published a PSLRA lead plaintiff notice for the BOA Options Class on *Business Wire*. (A751-A752)

On March 15, 2010, Dornfest filed a timely motion to be appointed lead plaintiff for the BOA Options Class[2] (A813-A814) and Lead Plaintiffs and defendants filed briefs opposing Dornfest's motion.  Significantly, in their brief filed on April 1, 2010 (A949-A965), Lead Plaintiffs (A962) argued that they had not abandoned options investors.  They cited cases to support Lead Plaintiffs' argument (A960) that stock purchasers and options investors could be "members of the same class" and argued (A964) that Lead Plaintiffs should be "most capable of adequately representing the interests of <u>class members</u>" (emphasis added).

In an order issued April 9, 2010 (A970-A978), the district court ruled that Dornfest's action should be consolidated; that Dornfest only could pursue an individual claim; that "it is within lead plaintiff's authority to decide which claims to assert <u>on behalf of the class</u>" (A973, emphasis added); and that since Lead Plaintiffs "advise they are still assessing whether to assert claims on behalf of [option investors]…Lead Plaintiffs should be given the opportunity to make this decision."  (A974)

At that time, neither the district court, nor Lead Plaintiffs, nor Dornfest questioned Lead Plaintiffs' standing to assert claims for the BOA

---

[2]    A group of option investors also moved to be appointed lead plaintiff for the BOA Options Class, but, in the face of Dornfest's larger loss, that group abandoned its motion.

Options Class. Indeed, the district court's order suggests that Lead Plaintiffs, should they have concluded it desirable, <u>could</u> assert class-wide option claims.

On May 14, 2010, defendants wrote (A979-A986) to the district court (Castel, J.), who succeeded Judge Chin upon his elevation to this Court) to note, *inter alia*, that although Dornfest had been ordered to proceed individually, defendants proposed to treat Dornfest's action as consolidated with the Securities Action and were not required to answer his complaint. On May 18, 2010, Dornfest replied (A992-A1001), arguing that the district court had not foreclosed eternally a BOA Options Class, but "deferred the issue" to provide "an opportunity for Lead Plaintiffs to assess whether to pursue a claim for the class of options investors." (A992-A993)

On May 20, 2010, the district court ordered (A1002-A1003), regarding the BOA Options Class:

> By May 27, 2010, Lead Plaintiffs in the Consolidated Securities Action shall inform the Court, in writing, whether any member of the Lead Plaintiffs invested in BofA options, and if so, the amount of such investment.

(A1003) On May 27, 2010, Lead Plaintiffs responded (A1004) and stated that no Lead Plaintiff had invested in any BOA option, "but that lead plaintiffs' counsel had been retained by Grant Mitchell" ("Mitchell"), who Lead Plaintiffs' counsel stated had lost $2,486 (namely less than one percent

6

of Dornfest's verified loss) in BOA options trading. Lead Plaintiffs' counsel said they were prepared to add Mitchell as a lead plaintiff which would satisfy any standing requirements, citing *Hevesi v. Citigroup*, 366 F.3d 70, 83 (2d Cir. 2004).

Then, on October 15, 2010, Lead Plaintiffs determined that BOA option claims <u>should</u> be asserted. They filed a Consolidated Second Amended Class Action Complaint (A1036-A1168) that alleged a class claim brought by additional Lead Plaintiff Mitchell on behalf of a class that included all BOA option investors. (A1138)

Defendants moved to dismiss that complaint and argued, *inter alia*, that Lead Plaintiffs lacked standing to assert class claims for persons who invested in BOA options other than the single January 2011 Leap Option Lead Plaintiff Mitchell had purchased. (A1203) In response, Lead Plaintiffs argued that their standing extended to all BOA option securities affected by the same alleged misstatements.

Dornfest submitted two letter briefs (A1190-A1191, A1196-A1198) in opposition to defendants' motion to dismiss the options claims on standing grounds, arguing that since his case had been consolidated with Lead Plaintiffs' case, his investments in BOA options supplied standing.

Defendants argued that Dornfest was incorrect and that his letter briefs should not be considered. (A1192-A1195, A1200-A1201)

On July 29, 2011, the district court granted in part and denied in part defendants' motion to dismiss (A1202-A1226, at A1225), holding that Lead Plaintiffs lacked standing to assert class claims on behalf of BOA securities they did not purchase. Since the only BOA option a Lead Plaintiff had purchased was Mitchell's January 2011 Leap Option, the district court dismissed all of the other Lead Plaintiffs' option claims and, in a footnote (A1225, n.11), ruled that since Dornfest was not a named class representative, his options transactions did not confer standing on Lead Plaintiffs to assert class claims for investors who purchased the same BOA options as did Dornfest.

On August 4, 2011, the district court set a conference for September 7, 2011, ordered Dornfest to appear, and set a briefing schedule for issues to be raised at the conference. From August 26 through September 1, 2011, Lead Plaintiffs, defendants, and Dornfest each submitted a letter brief on Dornfest's application to move to certify the BOA Options Class. (A1227-A1230, A1232-A1234, A1235-A1236) Lead Plaintiffs stated that they did not want to add Dornfest as a Lead Plaintiff, and that Dornfest "should not

be permitted to undermine Lead Plaintiffs' decision not to name him as a class representative by bringing his own separate class action." (A1233)

On September 7, 2011, the district court held a hearing in which it seemed to acknowledge concerns about allowing Lead Plaintiffs to preclude claims for a BOA Options Class (A1237-A1275):

> THE COURT:  And since there would be, by definition, no overlap with the claims you've [Lead Plaintiffs] asserted, I'm having difficulty seeing how I could say you [Dornfest] can't bring a class certification motion.  What he can't do is he can't say, your Honor, I'm moving, I want to be in the consolidated securities class action and I want to be one of the named plaintiffs.  I agree with you.  You are the fiduciaries for the class.  You may not want this person in your class action.  He may, for whatever reason, bring down the value of your claims, and I think you as representatives of lead plaintiff have the right to exclude him from your action.
>
> * * *
>
> Just as somebody's come in with derivative claims, they're in the MDL.  The lead plaintiffs in the securities class action couldn't say we think it's disadvantageous that there be derivative claims in the MDL.  We want to shut them down, we want to shut down the ERISA claims that were previously asserted.  I don't think you can do that. (emphasis added)

(A1263-A1265)

At the September 7, 2011 hearing, the district court directed that the parties submit additional letter briefs.  (A1273)  From September 14 through 23, 2011, Lead Plaintiffs (A1478-A1480) and defendants (A1285-A1292)

each submitted a letter brief, and Dornfest submitted an opening and reply letter brief.  (A1276-A1284, A1481-A1487)

On September 29, 2011, the district court issued its Order (A1488-A1492), holding that Dornfest was precluded from moving to certify a "class of [BOA] options holders" (A1492), reasoning, *inter alia*, that "[f]or the purposes of securities fraud action brought under the PSLRA, this distinction [between claims for which Lead Plaintiffs have standing, or lack standing], is not meaningful." (A1491)

On October 13, 2011, Dornfest filed in this Court a Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f) seeking leave to appeal from the district court's September 29, 2011 order precluding him from moving to certify claims on behalf of a class of BOA option investors, or, alternatively, for a writ of mandamus.  (A1493-A1513) Both Lead Plaintiffs and Defendants opposed Dornfest's petition.  (A1514-A1540, A1541-A1555)

On March 21, 2012 (A1571-A1572), this Court (i) dismissed Dornfest's petition, without prejudice to Dornfest's right to seek certification of an interlocutory appeal under 28 U.S.C. § 1292(b), because the district court's September 29, 2011 order precluding Dornfest from moving to certify the BOA Options Class "was not an 'order granting or denying class-

10

action certification'" and (ii) denying the writ of mandamus because "the extraordinary circumstances that would warrant" mandamus were not demonstrated. (A1572)

On March 27, 2012, Dornfest moved the district court for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) from the district court's September 29, 2011 Order. (A1573-A1594) On April 16, 2012, the district court denied Dornfest's motion. (A1614-A1617)

On April 9, 2013, the district court entered a Judgment Approving Class Action Settlement ("Judgment"). (A2009-A2022) The Judgment incorporated by reference a Stipulation of Settlement ("Stipulation"), filed on November 30, 2012 (A1620-A1840), which provided:

> …this Stipulation is intended by the Parties hereto to fully, finally and forever compromise, settle, release, resolve, relinquish, waive, discharge and dismiss with prejudice, the above-captioned consolidated securities class action (the "Action") and all claims asserted against all Defendants therein, and all Released Claims (defined below) as against the Releasees (defined below).

(A1621)

Because Dornfest's Complaint was consolidated with and into the Securities Action, the Judgment dismissing Dornfest's Complaint was with prejudice. Other than the claims belonging to January 2011 Leap Option purchasers, all other BOA Options Class claims were left untouched. The

11

certified class entitled to recovery in the Class Action Settlement included only common stock purchasers and the January 2011 Leap Option purchasers.

## STATEMENT OF FACTS

Dornfest verified his investment in 17 different BOA options and his incurred losses of $382,890. (A830) Dornfest did not invest in the January 2011 Leap Option included in the class in the Securities Action, and was, therefore, excluded from any recovery in the Securities Action for his BOA options.

Dornfest's individual damages precluded him from pursuing his claims unless permitted to do so on a class-wide basis. For example, Lead Plaintiffs' counsel's fee application (A1923-A2003) stated that Lead Plaintiffs:

- expended over 193,500 hours prosecuting this action on behalf of the class (A1990);

- incurred, through January 31, 2013, a lodestar value of more than $88 million (A1990);

- incurred over $8 million in expenses (A1998) (including over $4.4 million in expert and consultant expenses) (A1999);

- reviewed approximately 3,803,000 pages of documents produced by Defendants (A1954);

- exchanged 17 opening and rebuttal expert reports with Defendants (A1954); and

- took part in 61 depositions.  (A1927)

## SUMMARY OF ARGUMENT

The district court erred when it concluded that whether Lead Plaintiffs had, or lacked, standing to assert the claims, was "not meaningful." (A1491). The constitutional requirement of standing is not only "meaningful," it is paramount.  No court has ever held that a litigant, without standing to assert a claim, has the authority to manage, compromise or terminate another litigation asserting that claim.  Yet, that is precisely what the district court held here: that Lead Plaintiffs could prevent Dornfest from seeking to certify the BOA Options Class despite the critical fact that Lead Plaintiffs lacked standing to assert those claims.  *See* POINT I-A, *infra*.

The district court erred when it ruled that considerations such as the purported policies behind the Private Securities Litigation Reform Act (the "PSLRA") – efficiency, convenience, concern about lawyer-driven litigation, and the avoidance of a multiplicity of actions – should, and could, trump constitutional standing and precluded Dornfest from moving to certify

the BOA Options Class. (A1489-A1491) The district court's error was founded in its unsupported notion that the PSLRA mandated the prosecution of only a single securities class action arising out of a single factual predicate, such as the BOA acquisition of Merrill Lynch. Under this scenario, an appointed lead plaintiff would not only manage the class of securities investors for which it had standing, but would also decide the fate of investors outside of the class with whom the lead plaintiff had no cognizable legal relationship.

Nothing in the PSLRA empowers a court to bestow upon Lead Plaintiffs standing or the authority to preclude the assertion of other separate and distinct class claims, as to which Lead Plaintiffs lacked constitutional standing.[3] This erroneous decision to elevate the policies purportedly underlying the PSLRA over constitutional standing had direct and adverse consequences: it permitted Lead Plaintiffs to prosecute the January 2011 Leap Option claims, while, at the same time, rendering worthless all other BOA Options Class claims. The PSLRA does not authorize, contrary to the

---

[3] Indeed, one can readily imagine a scenario where an options investor or preferred shareholder suffers a massive loss and is appointed lead plaintiff. If such plaintiff does not also own common shares, the holding of the district court would permit that plaintiff to prevent purchasers of common shares from seeking any class recovery.

Constitution, lead plaintiffs to bar class claims over which lead plaintiffs lacks standing. *See* Point I-B, *infra*.

## STANDARD OF REVIEW

The standard of review for all issues is *de novo*. *Abrahamson v. Bd. of Education*, 374 F.3d 66, 71 (2d Cir. 2004). *See also City of Pontiac Gen. Employees' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 106, n.12 (2d Cir. 2005).

## ARGUMENT

**AFTER HOLDING LEAD PLAINTIFFS LACKED STANDING TO REPRESENT THE BOA OPTIONS CLASS, THE DISTRICT COURT ERRED BY PRECLUDING DORNFEST FROM MOVING TO CERTIFY THAT CLASS**

### A. The District Court Erred in Holding That Lead Plaintiffs' Lack of Standing was "Not Meaningful"

The district court erred when, despite Lead Plaintiffs' lack of standing, it empowered Lead Plaintiffs to squelch Dornfest's right under the Federal Rules to seek class certification of claims which he, and not Lead Plaintiffs, had standing to pursue. A lead plaintiff's authority to determine the boundaries of its claims, and its "control over the litigation as whole", may be co-extensive with a lead plaintiff's standing to pursue such claims, but never greater. The district court's ruling that a lead plaintiff had

15

authority to control all securities claims, including those it lacked standing to pursue, was erroneous.

Although Lead Plaintiffs might have been highly interested in whether or not Dornfest could represent the BOA Options Class, Lead Plaintiffs were, without standing, no more than "concerned bystanders" without a legally cognizable interest. As the Supreme Court recently stated in *Hollingsworth v. Perry,* __U.S.___, 133 S. Ct. 2652, 2663, 186 L.Ed. 2d 768, 780 (June 26, 2013):

> Article III standing "is not to be placed in the hands of 'concerned bystanders,' who will use it simply as a 'vehicle for the vindication of value interests.'" *Diamond, 476 U. S., at 62, 106 S. Ct. 1697, 90 L. Ed. 2d 48*. No matter how deeply committed petitioners may be…or how "zealous [their] advocacy," *post,* at 4 (KENNEDY, J., dissenting), that is not a "particularized" interest sufficient to create a case or controversy under Article III. *Defenders of Wildlife, 504 U. S., at 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351*, and n. 1.

The district court held that Lead Plaintiffs lacked standing to assert claims for a BOA options class (save a single option, the January 2011 Leap Option). As a result, Lead Plaintiffs lacked the ability to make decisions on behalf of investors in those options, including deciding that no BOA Options Class should be certified. *See National Super Spuds, Inc. v. New York Mercantile Exchange,* 660 F.2d 9, 17 (2d Cir. 1981) ("The most fundamental principles underlying class actions limit the powers of the representative

16

parties to the claims they possess in common with other members of the class."). *See also Horizon Asset Mgt. Inc. v. H & R Block*, 580 F.3d 755, 764 (8th Cir. 2009) ("once it was clear that Horizon would not pursue the derivative claims, it was error for the district court to abide by its decision to appoint Horizon as the sole lead plaintiff to prosecute a single consolidated complaint"). The district court's decision erroneously disregarded the bedrock constitutional requirement of standing and should be reversed.

**B.     Nothing in the PSLRA Cures Lead Plaintiffs' Lack of Standing**

Nothing in the PSLRA gives a lead plaintiff without standing the power to prevent other class claims from being asserted. Notably, Section 27 of the PSLRA refers to a lead plaintiff's authority only with respect to the particular class that it represents. For example, the PSLRA provides that:

> Not later than 90 days after the date on which a notice is published under subparagraph (A)(i), the court shall consider any motion *made by a purported class member* in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and *shall appoint as lead plaintiff the member or members of the purported plaintiff class* that the court determines to be most capable of adequately *representing the interests of class members* (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78 u-4 a(3)B(i) (emphasis added). Nothing in the PSLRA supported the district court's holding that a lead plaintiff's authority

17

extended to any other litigation or any other class, other than the class a lead plaintiff was appointed to represent.

Any issue of "inconvenience" or efficiency cannot confer upon Lead Plaintiffs authority to preclude claims that they lacked standing to assert. As the Supreme Court noted, matters of convenience and efficiency cannot empower a court to hear an action where standing is absent:

> [W]e must put aside the natural urge to proceed directly to the merits of this important dispute and to "settle" it for the sake of convenience and efficiency. Instead, we must carefully inquire as to whether appellees have met their burden of establishing that their claimed injury is personal, particularized, concrete, and otherwise judicially cognizable.

*Raines v. Byrd*, 521 U.S. 811, 820 (1997); *see also Hollingsworth, supra.*

The district court's concern that permitting Dornfest to seek class certification would engender "a corresponding ecosystem of separate class actions" (A1491) was misplaced. In most cases, the lead plaintiff will have standing (such as to set the time periods for a class), or the lead plaintiff will add other plaintiffs so that the class has standing (*e.g.*, *Hevesi*, *supra,* 366 F.3d 70). Only in the unusual instance presented here, where Lead Plaintiffs decline to represent (what they have conceded is) a viable class of investors, will it make sense to have a separate, coordinated class.

The district court erroneously held that the distinction between (a) Lead Plaintiffs' decision about which disclosure claims to bring, or the

18

temporal parameters of the class period, and (b) Lead Plaintiffs' decision

that no one could assert claims for which Lead Plaintiffs lacked standing,

was "not meaningful." (A1491)

> Dornfest contends that because claims on behalf of options holders were dismissed on standing grounds, options holders should be evaluated differently than shareholders who fall outside of the class period or do not have a given disclosure claim brought on their behalf. For the purposes of a securities fraud class action brought under the PSLRA, this distinction is not meaningful.

(*Id.*)

The district court's September 29, 2011 (A1488-A1492) order quoted

(at A1491) from Dornfest's letter brief (A1276-A1283, at A1279) that a lead

plaintiff could determine the date range of the class, the particular claims

asserted, the disclosures alleged to be false, and which persons should be

named as individual defendants.  However, the order stopped short. The

District Court ignored Dornfest's next sentence that expressly addressed

standing (A1279):

> On the other hand, where the lead plaintiff does not represent the particular securities at issue (i.e., investors in Dornfest's seventeen options) because it lacks standing to do so, it has no authority to determine the fate of the claims these security investors may have (emphasis added).

In fact, as best we have been able to determine, no court has ever held

that, where the lead plaintiff lacked standing to assert a claim, the lead

19

plaintiff nevertheless could preclude class certification for the very claim that the lead plaintiff lacked standing to assert.

The district court's reliance on then District Judge Chin's April 9, 2010 Order (A970-A975) was misplaced. In preliminarily holding that Dornfest could pursue his claim individually,[4] then District Judge Chin explicitly permitted Lead Plaintiffs the opportunity to bring those claims (A974), apparently assuming Lead Plaintiffs' standing. That order never held that if Lead Plaintiffs lacked standing (and chose not to add additional named plaintiffs who had standing), they nevertheless could preclude another plaintiff with standing from pursuing a class claim.

In contrast to the outcome here, in cases in which a lead plaintiff was found not to have standing to bring certain claims, courts have permitted other investors with standing to bring separate, related class actions so that these investors could have their claims adjudicated. *E.g.*, *IndyMac Mortgage-Backed Sec. Litig.* No. 9 Civ. 4583 (LAK), 2011 WL 2508254, at *3-4 (June 21, 2011 S.D.N.Y.); *In re Lehman Bros. Sec. and ERISA Litig.*,

---

[4]     As we repeatedly represented to the district court (A1281), in a case where Lead Plaintiffs spent over $8 million in expenses, among other things, Dornfest's individual claims, while in excess of $300,000, were not large enough to litigate and try individually. *See Italian Colors Rest. v. Am. Express Travel Related Servs. Co.*, 667 F.3d 204 (2d Cir. 2012) *rev'd on other grounds Am. Express Co., v. Italian Colors Rest.*, 133 S.Ct. 2304 (2013).

No. 08 Civ. 6762 (LAK), 2011 WL 1453790 (April 13, 2011 S.D.N.Y.); *see also California Public Employees Retirement System v. The Chubb Corp.*, Civ. No. 00-4285 (GEB), 2002 U.S. Dist. LEXIS 27189, at 83-91 (D.N.J. 2002) (finding that where the initial class plaintiff lacked standing to assert certain securities claims, a new plaintiff with standing could assert the class claims).  None of those cases held that lead plaintiffs, bereft of standing to pursue certain new claims, could preclude another plaintiff with standing from asserting those class claims.

The district court's citation (A1489-A1490) to *Hevesi v. Citigroup Inc.*, 366 F.3d 70 (2d Cir. 2004) failed to support its Order.  In *Hevesi*, a lead plaintiff was given permission to avoid standing concerns by inviting additional class representatives to join that lead plaintiff's case.  *Hevesi* did not hold (or even consider) the converse, namely, whether a lead plaintiff, after determining not to cure its standing deficiencies by adding additional named plaintiffs, was empowered to preclude another plaintiff with standing from bringing a class action for the claims that the lead plaintiff lacked standing to assert.

*Hevesi* stated, in a footnote, that it would be inefficient to have more than one plaintiff for the "same class."  *Hevesi*, 336 F.3d at 82 n.13.  *Hevesi* rejected the "<u>requirement</u>" that a different lead plaintiff be appointed "to

bring every…claim" (emphasis added).  However, *Hevesi* never held that should a lead plaintiff decline to add another plaintiff to acquire standing for a claim, the plaintiff with standing to assert that claim was just out of luck. *Hevesi* never held that a lead plaintiff without standing was empowered to bar the plaintiff with standing from asserting class claims.

The concerns expressed by this Court in *Hevesi* and by the district court may be legitimate concerns, but, as a practical matter, were not present in this case.  Indeed, the district court cited no instance in which, in any case, a ruling that a lead plaintiff lacked standing to assert claims for certain securities spawned another related class action, let alone an entire "eco-system" of such actions.  In most every case, lead plaintiffs have welcomed plaintiffs who provided lead plaintiffs with additional standing.  *See, e.g.*, *In re Citigroup Inc. Sec. Litig.,* No. 07-Civ-09901 (SHS) (S.D.N.Y.); *In re Merrill Lynch & Co. Inc. Sec., Derivative and ERISA Litig.*, 07-Civ-09633 (JSR) (S.D.N.Y.); *Miller v. Wachovia,* No. 09-Civ-06351 (RJS) (S.D.N.Y.); and *In re Royal Bank of Scotland Group PLC Sec. Litig.*, No. 09-Civ-00300 (DAB) (S.D.N.Y.)

As noted, *Hevesi* did not consider or address the particular circumstances present here and in *Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398, 405-8 (D.Minn. 1998), where lead plaintiffs determined not to

22

undertake a plaintiff with standing. As in *Chill*, the lead plaintiff for the stock class was permitted to decline to add a plaintiff with standing to assert the options claims. The stock lead plaintiff's choice not to assert the options claims in *Chill* did not permit preclusion of the options class, but rather warranted a parallel options class.[5] The same result should have been realized here. The district court should not have permitted the pendency of the Securities Action, headed up by Lead Plaintiffs with no standing to assert all of the BOA Options Class claims, to bar Dornfest, the plaintiff with standing to pursue those claims, from pursuing a separate coordinated class action.[6]

---

[5] *Compare* A1261-A1262 at which lead counsel said that Dornfest's supposed "unusual trading" might result in Lead Plaintiffs losing their "credibility" on their class motion, and *Chill*, 181 F.R.D. at 405 (where despite "potential prejudice [against the Stock Actions] posed by the additional legal hurdle for the Plaintiffs who seek compensation for option losses", a separate options class action was permitted). In subsequent briefing, Lead Plaintiffs declined to endorse that previously articulated concern and said only that they had concluded that Dornfest was not an "appropriate" lead plaintiff. Lead Plaintiffs failed to provide any explanation for their conclusion. For example, in Lead Plaintiffs' September 1, 2011 letter (A1232-A1234), they claim Dornfest would "interfere with Lead Plaintiffs' ability and authority to manage the Consolidated Securities Actions." (A1233) In a September 21, 2011 letter (A1478-A1480), Lead Plaintiffs claim Dornfest will disrupt "the litigation and Lead Plaintiffs' strategy." Neither of those "considerations" warranted the issuance of the district court's September 29, 2011 order precluding Dornfest from moving to certify the BOA Options Class.

[6] In addition, where, as here, a district court used its power "to prevent a party from filing pleadings, motion or appeals authorized by the Federal

This Court should not endorse a lead plaintiff's sacrifice of claims it never had standing to assert. The ruling that Dornfest could not make a class motion overextended a lead plaintiff's PSLRA mandate, especially where, as here, at various times, Lead Plaintiffs determined that class option claims were viable and should be asserted and did assert them.

While the September 29, 2011 order focused on the policy of deterring "lawyer-driven litigation" (A1491), the district court made no record regarding Dornfest, and appeared to give no weight to the facts that: (i) Mitchell had, at most, a loss of less than $3,000, less than 1% of Dornfest's loss; (ii) following a year of investigation, Lead Plaintiffs (in their Second Amended Complaint) affirmatively asserted BOA Options Class claims thus conceding such claims' viability (A1040); (iii) Lead Plaintiff Mitchell was found to have no standing to assert any claim other than the January 2011 Leap Option claim (A1225); and (iv) the BOA Options Class was barred from the opportunity to participate in what turned

---

Rules of Civil Procedure," it has plainly committed reversible error. *Cheney v. United States District Court*, 542 U.S. 367, 380-81 (2004) ("district judge usurped power when she prevented [defendants] from filing a motion for leave to amend their answer"); *Richard Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, (2d Cir. 1987) "Absent extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation, or a failure to comply with sanctions imposed for such conduct, a court has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules of Civil Procedure." (citations omitted)).

out to be a substantial recovery[7] obtained for the stock and leap options class because Dornfest was precluded from moving for class certification.

Different class actions can readily be coordinated. In this case, the district court did a superlative job managing two different class actions (stock and ERISA) along with a derivative action and a number of individual actions. Coordination of one additional class action would not have been an insurmountable hurdle[8] and was not a reason to prevent a whole class of investors from having their claims heard.

## **CONCLUSION**

For the foregoing reasons, the Judgment should be modified insofar as it dismissed the claims of plaintiff Charles Dornfest and denied his right to move to certify a BOA Options Class.

Dated: August 2, 2013
New York, NY

---

[7]     The Securities Action settled for $2.425 billion in cash and other non-cash consideration. (A1872)

[8]     Prosecution of claims on behalf of an options class should not require any repetition of discovery taken in the Securities Action. For an options class, effective cooperation among the parties should result in little, if any, additional discovery.

25

RESPECTFULLY SUBMITTED,
BRAGAR EAGEL & SQUIRE, P.C.


By: /S/ Raymond A. Bragar
Raymond A. Bragar
Jeffrey H. Squire
Lawrence P. Eagel
885 Third Avenue, Suite 3040
New York, New York 10022
(212) 308-5858 (ph)
(212) 486-0462 (fax)
bragar@bespc.com


ABBEY SPANIER, LLP


By: /S/ Judith L. Spanier
Judith L. Spanier
212 East 39th Street
New York, New York 10016
(212) 889-3700 (ph)
(212) 684-5191 (fax)
jspanier@abbeyspanier.com


Attorneys for Plaintiff-Appellant
Charles Dornfest

SPECIAL APPENDIX

# **Table of Contents**

**Page**

Memorandum and Order of the Honorable P. Kevin
    Castel, dated September 29, 2011, Appealed From ...... SPA1

Judgment Approving Class Action Settlement of the
    United States District Court, Southern District of
    New York, entered April 9, 2013, Appealed From ....... SPA6

        Exhibit 1 to Judgment -
        List of Persons Excluded from the
        Class Pursuant to Request ..................................... SPA20

Notice of Appeal, dated April 24, 2013 ........................... SPA76

**SPA1**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-29-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

IN RE: BANK OF AMERICA CORP.
SECURITIES, DERIVATIVE, AND
EMPLOYEE RETIREMENT INCOME          Master File No. 09 MD 2058 (PKC)
SECURITY ACT (ERISA) LITIGATION
--------------------------------------------------------   MEMORANDUM AND ORDER

THIS DOCUMENT RELATES TO:

CHARLES N. DORNFEST,

                     Plaintiff,              10 Civ. 275 (PKC)

      -against-

BANK OF AMERICA CORPORATION, et al.,

                     Defendants.
--------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

           The Court previously dismissed all but one claim purportedly brought on behalf

of purchasers of call options and sellers of put options on the grounds that the named, class

plaintiffs in the consolidated action were without Article III standing to pursue claims directed to

stock options.  In re Bank of America Corp. Sec., Derivative, and Emp. Ret. Income Sec. Act

(ERISA) Litig., 2011 WL 3211472, at *12-14 (S.D.N.Y. July 29, 2011).  Plaintiff Charles

Dornfest, an options holder, has brought a securities fraud action against defendant Bank of

America Corporation ("BofA").

           Dornfest also seeks to represent a class of investors who held Bank of America

options during the class period of September 15, 2008 through January 22, 2009.  (Dornfest

Compl. ¶ 1.)  The lead plaintiffs oppose his effort to bring these claims as a class action.

Dornfest argues that because the lead plaintiffs no longer assert claims on behalf of options

holders, and because none of the named, class plaintiffs have standing to pursue such claims, Dornfest may properly bring claims on behalf of options holders as a separate class action.

The Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B)(i) (the "PSLRA"), provides that a court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') . . . ." Under the PSLRA, "the most adequate plaintiff" acts "as lead plaintiff for the consolidated actions." Id. § 78u-4(a)(3)(B)(ii). "The theory of these provisions was that if an investor with a large financial stake in the litigation was made lead plaintiff, such a plaintiff – frequently a large institution or otherwise sophisticated investor – would be motivated to act like a 'real' client, carefully choosing counsel and monitoring counsel's performance to make sure that adequate representation was delivered at a reasonable price." In re Razorfish, Inc. Sec. Litig., 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); ; accord In re Donnkenny Inc. Sec. Litig., 171 F.R.D. 156, 157 (S.D.N.Y. 1997) (Cedarbaum, J.) (the PSLRA's lead plaintiff provision "was intended to ensure that institutional plaintiffs with expertise in the securities market and real financial interests in the integrity of the market would control the litigation, not lawyers.").[1]

In Hevesi v. Citigroup Inc., 366 F.3d 70, 82 n.13 (2d Cir. 2004), Judge Cabranes, writing for the panel, observed that the PSLRA's lead plaintiff provision "empower[s] one or several investors with a major stake in the litigation to exercise control over the litigation as a whole." As noted by Hevesi, the PSLRA does not require the selection of lead plaintiffs

---

[1] In this case, then-District Judge Chin, to whom this action was previously assigned, concluded that the State Teachers Retirement System of Ohio, the Ohio Public Employees Retirement System, the Teachers Retirement System of Texas, Stichting Pensioenfonds Zorg en Wilzijn and Fjarde AP-Fonden would serve as lead plaintiffs. (Docket # 2, at 10-17.)

"with standing to sue on every available cause of action," and permits "the addition of named plaintiffs to aid the lead plaintiff in representing a class." Id. at 83. Thus, where a lead plaintiff is without standing to sue on a given claim, the PSLRA allows for a mechanism whereby additional class representatives may be proposed by the lead plaintiff to pursue those claims.

In April 2010, then-District Judge Chin concluded that the lead plaintiffs had authority to decide what claims to assert against which defendants, and held that Dornfest could not commence a separate class action on behalf of options holders. (Docket # 240, at 3-6.) Judge Chin noted, among other things, that a lead plaintiff has "authority to decide what claims to assert on behalf of securities holders," and that "[p]ermitting other plaintiffs to bring additional class actions now, with additional lead plaintiffs and additional counsel, would interfere with Lead Plaintiffs' ability and authority to manage the Consolidated Securities Action." (Docket # 240, at 4-5.) He stated that "the plaintiffs in . . . Dornfest . . . are free to pursue their claims as individual cases – but not as class actions." (Docket # 240, at 5.)

As previously noted, since Judge Chin's order, this Court has held that the named, class plaintiffs have standing to bring claims only on behalf of holders of January 2011 call options, and dismissed all other claims on behalf of options holders. 2011 WL 3211472, at *12-14. The lead plaintiffs have not sought leave to add additional class plaintiffs or otherwise attempted to amend the complaint to revive their claims on behalf of options holders. Such tactical decisions are the prerogative of a lead plaintiff. Counsel to lead plaintiffs has stated, both on the record in open court and via letter brief, that they evaluated adding Dornfest as a class representative, and concluded that he was not well suited for that role. (Sept. 21 letter at 2; Sept. 7 Tr. at 24-26.) Such a decision is within the lead plaintiffs' prerogative "to exercise control over the litigation as a whole." Hevesi, 366 F.3d at 82, n.13.

Indeed, counsel to Dornfest acknowledge that the lead plaintiffs have the authority and discretion to determine which claims to pursue:

> There is no dispute that lead plaintiffs for a class of common shareholders can determine, for example, whether that class should bring a Section 11 claim; whether or not to assert that a certain corporate disclosure was actionable; or whether the class should bring claims against a particular individual. . . . Similarly, if Lead Plaintiffs decide upon a particular date range for the common shareholder class, no other shareholder can bring a class action with respect to different time periods.

(Sept. 14 Letter at 4.) In each of those instances, a lead plaintiff necessarily makes determinations that limit the class of shareholders. Inevitably, any class definition establishes boundaries as to who may recover. Individuals excluded from the class may pursue individual claims, as Judge Chin recognized in his order of April 2010. (Docket # 240, at 5.)

Dornfest contends that because claims on behalf of options holders were dismissed on standing grounds, options holders should be evaluated differently than shareholders who fall outside of the class period or do not have a given disclosure claim brought on their behalf. For the purposes of a securities fraud class action brought under the PSLRA, this distinction is not meaningful. As Judge Cabranes noted in Hevesi, a lead plaintiff may seek to incorporate additional named class plaintiffs in order to resolve any standing concerns. 366 F.3d at 83. In the framework proposed by Dornfest, any consolidated securities fraud class action might then carry with it a corresponding ecosystem of separate class actions seeking relief on behalf of securities holders whose claims vary from the lead plaintiffs. Dornfest's approach invites the type of lawyer-driven litigation that the PSLRA seeks to avoid, and would likely promote near-endless skirmishes about securities holders who fall outside a class definition and the degree to which their exclusion implicates matters of standing.

4

Therefore, consistent with Judge Chin's ruling of April 2010 and <u>Hevesi</u>, this Court concludes that Dornfest may not assert claims on behalf of a class of options holders.  He remains free to pursue his claims individually.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:       New York, New York
             September 29, 2011

**SPA6**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BANK OF AMERICA CORP. SECURITIES, DERIVATIVE, AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION | Master File No. 09 MDL 2058 (PKC) <br> ECF CASE |
| THIS DOCUMENT RELATES TO: <br> Consolidated Securities Action | |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-9-13

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated securities action is pending in this Court entitled *In re Bank of America Corp. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, No. 09 MDL 2058 (PKC) (S.D.N.Y.) (the "Action");

WHEREAS, by Memorandum and Order dated February 6, 2012, this Court certified the Action to proceed as a class action on behalf of a class of investors consisting of: (i) as to claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), all persons and entities who held Bank of America Corporation ("BoA") common stock as of October 10, 2008, and were entitled to vote on the merger between BoA and Merrill Lynch & Co., Inc. ("Merrill"), and were damaged thereby; and (ii) as to claims under Sections 10(b) and 20(a) of the Exchange Act, all persons and entities who purchased or otherwise acquired BoA common stock during the period from September 18, 2008 through January 21, 2009, inclusive, excluding shares of BoA common stock acquired by exchanging stock of Merrill for BoA stock through the merger between the two companies consummated on January 1, 2009, and were damaged thereby; and (iii) as to claims under Sections 10(b) and 20(a) of the Exchange Act, all persons and entities who purchased or otherwise acquired January 2011 call options of BoA from September 18, 2008 through January 21, 2009, inclusive, and were damaged thereby; and (iv) as

to claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"),
all persons and entities who purchased BoA common stock issued under the Registration
Statement and Prospectus for the BoA common stock offering that occurred on or about October
7, 2008, and were damaged thereby (the "Class");[1]

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall
have the same meaning as they have in the Stipulation and Agreement of Settlement dated
November 30, 2012 (the "Stipulation");

WHEREAS, pursuant to this Court's Order dated February 29, 2012, the Notice of
Pendency of Class Action (the "Class Notice") was mailed to potential members of the Class to
notify them of, among other things: (i) the Action pending against the Defendants; (ii) the
certification of the Action by the Court to proceed as a class action on behalf of the Court-
certified Class; and (iii) their right to request to be excluded from the Class, the effect of
remaining in the Class or requesting exclusion, and the requirements for requesting exclusion;

WHEREAS, Lead Plaintiffs, the State Teachers Retirement System of Ohio; the Ohio
Public Employees Retirement System; the Teacher Retirement System of Texas; Stichting
Pensioenfonds Zorg en Welzijn, represented by PGGM Vermogensbeheer B.V.; and Fjärde AP-
Fonden, individually and on behalf of the Court-certified Class, and defendants BoA, Merrill,
Kenneth D. Lewis, John A. Thain, Joe L. Price, Neil A. Cotty, Banc of America Securities LLC,
Merrill Lynch, Pierce, Fenner & Smith Incorporated, William Barnet III, Frank P. Bramble, Sr.,

---

[1] Excluded from the Class by definition are: Defendants, present or former executive officers of
BoA and Merrill, present or former members of Merrill's and BoA's Board of Directors and their
immediate family members (as defined in 17 C.F.R. § 229.404, Instructions). Also excluded
from the Class are any Persons who previously submitted a request for exclusion as set forth on
Appendix 1 to the Stipulation and Agreement of Settlement dated November 30, 2012 who have
not opted-back into the Class. All Persons excluded from the Class pursuant to request are set
forth on Exhibit 1 hereto.

John T. Collins, Gary L. Countryman, Tommy R. Franks, Charles K. Gifford, Monica C. Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Jr., Meredith R. Spangler, Robert L. Tillman, and Jackie M. Ward (collectively, the "Defendants" and, together with Lead Plaintiffs, the "Parties") entered into the Stipulation, which was approved by additional named plaintiff Grant Mitchell (together with Lead Plaintiffs, the "Class Representatives"), setting forth the terms and conditions of the Parties' proposed settlement (the "Settlement");

WHEREAS, by Order dated December 4, 2012 (the "Preliminary Approval Order"), this Court (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to: (i) opt-back into the Class if they previously submitted a request for exclusion from the Class in connection with the Class Notice, or (ii) object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on April 5, 2013 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate, and in the best interests of Lead Plaintiffs and the other Class Members, and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, including the objections filed with respect thereto, and the record in the Action, and good cause appearing therefor;

**SPA9**

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     **Jurisdiction** - The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.     **Incorporation of Settlement Documents** - This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on November 30, 2012; and (b) the Settlement Notice and the Summary Notice, both of which were filed with the Court on February 19, 2013.

3.     **Settlement Notice** - The Court finds that the dissemination of the Settlement Notice and the publication of the Summary Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members (a) of the effect of the Settlement (including the Releases provided for therein), (b) of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, (c) of their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, (d) of their right to opt-back into the Class if they previously submitted a request for exclusion in connection with the Class Notice, and (e) of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), 15 U.S.C. § 77z-1(a)(7), and all other applicable law and rules.

4.    **Final Settlement Approval and Dismissal of Claims** - Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein, including the release of the Released Lead Plaintiffs' Claims as against the Defendants' Releasees; and the dismissal with prejudice of claims against Defendants), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Lead Plaintiffs and the other Class Members. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5.    The Action and all of the claims against Defendants by Lead Plaintiffs and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6.    **Binding Effect** - The terms of the Stipulation and of this Judgment shall be forever binding on the Defendants, Lead Plaintiffs and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns. The Persons listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

7.    **Releases** - The releases as set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. Accordingly, this Court orders that:

5

(a)    Without further action by anyone, and subject to paragraphs 8 and 9 below, upon the Effective Date of the Settlement, Lead Plaintiffs, Class Representatives, and each of the other Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Lead Plaintiffs' Claim against the Defendants and the other Defendants' Releasees and shall forever be enjoined from prosecuting any or all of the Released Lead Plaintiffs' Claims against any of Defendants' Releasees. This Release shall not apply to any Person listed on Exhibit 1 hereto.

(b)    Without further action by anyone, and subject to paragraphs 8 and 9 below, upon the Effective Date of the Settlement, each of the Defendants and each of the other Defendants' Releasees, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Defendants' Claim against all of the Lead Plaintiffs' Releasees and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Lead Plaintiffs' Releasees. This Release shall not apply to any Person listed on Exhibit 1 hereto.

8.     Notwithstanding ¶¶ 7(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9.     Notwithstanding ¶¶ 7(a) – (b) above, nothing in this Judgment shall release any of the Excluded Claims (as that term is defined within paragraph 1(uu) of the Stipulation).

6

10.     **Corporate Governance Enhancements** – The Corporate Governance
Enhancements as set forth in paragraphs 36 and 37 of the Stipulation are expressly incorporated
herein in all respects. Accordingly, this Court orders that:

(a)     BoA will, within forty-five (45) days following the entry of this Judgment,
implement the following Corporate Governance Enhancements, and will maintain such
Corporate Governance Enhancements through the later of January 1, 2015 or eighteen (18)
months following entry of this Judgment.

(i)     BoA will amend Section 3 of its Corporate Governance Guidelines to
read, in relevant part, as follows:

"*Majority Voting for Directors*.  In an uncontested election, a director
who fails to receive the required number of votes for re-election in accordance with the Bylaws
shall offer to resign.  In addition, a director whose resignation is under consideration shall
abstain from participating in any recommendation or decision regarding that resignation.  The
Corporate Governance Committee shall make a recommendation to the Board as to whether to
accept or reject the tendered resignation, or whether other action should be taken.  The Corporate
Governance Committee and the Board, in making their decisions, may consider any factor or
other information that they deem relevant.  The Board shall act on the tendered resignation,
taking into account the Corporate Governance Committee's recommendation, and shall publicly
disclose its decision regarding the resignation and the basis for the decision within ninety (90)
days after the results of the election are certified.  If the resignation is not accepted, the director
will continue to serve until the next annual meeting of stockholders and until the director's
successor is elected and qualified.  The Board shall not permit the director to stand for election at
the next annual meeting."

7

(ii)     BoA will amend Section 8 of its Corporate Governance Guidelines to read, in relevant part, as follows:

"*Minimum Stock Ownership by Executive Officers and Directors*. In order to align the interests of the Company's executive officers and directors with those of the Company's stockholders, the Board has adopted the following minimum stock ownership requirements: (a) the Chief Executive Officer shall hold at least 500,000 shares of the Company's common stock and retain at least 50% of the net after-tax shares from future equity awards until retirement; (b) other executive officers shall hold at least 300,000 shares of the Company's common stock and retain at least 50% of the net after-tax shares from future equity awards until the ownership guideline is achieved; and (c) non-management directors are required to hold and cannot sell the restricted stock they receive as compensation (except as necessary to pay taxes upon vesting) until termination of their service. The Company shall disclose in its annual proxy statement any failure of any director to comply with the stock ownership guidelines. All full value shares and units beneficially owned by executive officers and directors are included in the calculation; performance contingent shares and units are included in the calculation when earned; and stock options are not included. Newly appointed executive officers will have up to five years to achieve compliance."

(iii)     In connection with the establishment of the Corporate Development Committee, BoA will amend the charter for the Corporate Development Committee to read, in relevant part, as follows:

"*Committee Authority and Responsibilities*. In carrying out its oversight responsibilities as set forth above, the Committee shall oversee senior management's establishment of policies and guidelines, to be adopted by the Board, establishing appropriate

8

systems (including policies, procedures and/or management committees) to ensure that Applicable Transactions are vetted carefully and that adequate due diligence is performed prior to Board approval of any Applicable Transaction.   Among other things, the Committee shall ensure that the Chief Executive Officer and the Board are informed with respect to any bonus or incentive compensation agreements with an actual or estimated aggregate value exceeding 5% of the acquisition price at the time the Applicable Transaction is announced, which agreements have been negotiated in connection with an Applicable Transaction and are based on or otherwise related to such Applicable Transaction.   In connection with any Applicable Transaction to be submitted to the Board for approval, the Committee shall meet at least once, telephonically or in person, with members of senior management to review management's compliance with applicable policies and procedures related to the Company's consideration of the Applicable Transaction, prior to its presentation to the Board for approval."

(b)      BoA will maintain the following corporate governance reforms (agreed to previously with the SEC) through January 1, 2015:

(i)      that all compensation committee members be super-independent;

(ii)      that BoA publish on its website the incentive compensation principles and the requirement that it adhere to them;

(iii)      that BoA have its Chief Executive and Chief Financial Officers certify that they have reviewed all annual and merger proxy statements;

(iv)      that BoA maintain a consultant to the Compensation Committee who would report solely to the Compensation Committee and would be "independent" under all applicable NYSE rules and guidelines concerning compensation consultants; and

9

(v) that BoA provide shareholders with an annual non-binding "say on pay" with respect to executive compensation.

(c) The Court shall retain jurisdiction until the end-date of the Corporate Governance Enhancements on the later of January 1, 2015 or eighteen (18) months following entry of this Judgment to enforce any of the conditions set forth in this paragraph 10.

11. **Complete Bar Order** -

(a) Any and all Persons are permanently barred, enjoined and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting or asserting any claim for indemnity or contribution against any Defendants' Releasees (or any other claim against any Defendants' Releasees where the alleged injury to such Person is that Person's actual or threatened liability to the Class or a Class Member in the Action), based upon, arising out of or related to the Released Lead Plaintiffs' Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere. However, with respect to any judgment that the Class or a Class Member may obtain against such Person based upon, arising out of or relating to any Released Lead Plaintiffs' Claim belonging to the Class or a Class Member, that Person shall be entitled to a credit of the greater of (i) an amount that corresponds to the percentage of responsibility of the Defendants for the loss to the Class or the Class Member or (ii) the amount paid by or on behalf of the Defendants to the Class or the Class Member for common damages.

(b) Except as provided in ¶ 11(d) below, each and every one of Defendants' Releasees is hereby permanently barred, enjoined and restrained, to the fullest extent permitted

10

by applicable law, from commencing, prosecuting or asserting any claim for indemnity or contribution against any Person (or any other claim against any such Person where the alleged injury to such Defendants' Releasee is that Defendants' Releasee's actual or threatened liability to the Class or a Class Member in the Action), based upon, arising out of or related to the Released Lead Plaintiffs' Claims, whether arising under state, federal, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Action, in this Court, in any other federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

(c)     Nothing in this Complete Bar Order shall prevent any Person listed on Exhibit 1 hereto from pursuing any Released Lead Plaintiffs' Claim against any Defendants' Releasees. If any such Person pursues any such Released Lead Plaintiffs' Claim against any Defendants' Releasees, nothing in this Complete Bar Order or in the Stipulation shall operate to preclude such Defendants' Releasees from asserting any claim of any kind against such Person, including any Released Defendants' Claims (or seeking contribution or indemnity from any Person, including any co-Defendant in the Action, in respect of the claim of such Class Member who is excluded from the Class pursuant to request as set forth on Exhibit 1 hereto.

(d)     Notwithstanding anything in sub-paragraphs 11(a)-(c) above, nothing in the Stipulation or in sub-paragraphs 11(a)-(c) above shall operate to (a) preclude the Defendants' Releasees from asserting any claims against their own insurers; or (b) preclude the Defendants or any other Person from asserting any claims, including claims for contribution or indemnity, against any Person, including any Defendant in this Action, in connection with or arising out of the Excluded Claims (as that term is defined within paragraph 1(uu) of the Stipulation).

12.   **Rule 11 Findings** - The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

13.   **No Admissions** - Neither this Judgment, nor the Term Sheet, nor the Stipulation (whether or not consummated) nor the negotiation of the Stipulation , nor any proceedings taken pursuant thereto:

(a)   shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees;

(b)   shall be offered against any of the Lead Plaintiffs' Releasees, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Lead Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement;

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(d)     shall be construed against any of the Lead Plaintiffs' Releasees as an admission, concession, or presumption that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

14.     **Retention of Jurisdiction** - Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Co-Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

15.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.     **Modification of the Agreement of Settlement** - Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of

the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.     **Termination** - If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation. Within fourteen (14) business days after joint written notification of termination is sent by counsel for BoA and Co-Lead Counsel to the Escrow Agent pursuant to the terms of the Escrow Agreement, the Settlement Fund (including accrued interest thereon and any funds received by Co-Lead Counsel consistent with ¶ 19 of the Stipulation), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing shall be refunded by the Escrow Agent to BoA. In the event that the funds received by Co-Lead Counsel consistent with ¶ 19 of the Stipulation have not been refunded to the Settlement Fund within the fourteen (14) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to BoA immediately upon their deposit into the Escrow Account consistent with ¶ 19 of the Stipulation.

18.     **Entry of Final Judgment** - There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this ___ day of _April_, 2013.

_____
The Honorable P. Kevin Castel
United States District Judge

# 686669

14

## EXHIBIT 1

### Persons Excluded from the Class Pursuant to Request

1.  1976 Real Estate Trust UTA
    DTD 12/28/76 FBO Richard
    Finger
    Houston, TX

2.  The 1991 Jeffrey R. Parker
    Family Trust
    Englewood, NJ

3.  The 1994 Drew E. Parker Family
    Trust
    Englewood, NJ

4.  The 1994 Julie P. Mantell Family
    Trust
    Memphis, TN

5.  2008 SRG Trust
    New York, NY

6.  Benjamin and Caroline Abrams
    Educational Trust
    San Francisco, CA

7.  Zachary Abrams
    San Francisco, CA

8.  Martha B. Adair Revocable Trust,
    Barbara A. Roach, Trustee
    Boulder, CO

9.  Melvin L. Adams
    Federalsburg, MD

10. John R. Agnew
    Fort Myers, FL

11. Harry J. and Patricia N. Agoff
    Tr UA 08-APR-97 Harry J. Agoff
    and Patricia N. Agoff Revocable
    Trust
    San Mateo, CA

12. Dene Miller Alden, Trustee
    The Dolores E. Miller Trust
    Cincinnati, OH

13. Peter P. Alessandro
    Clifton Park, NY

14. Darlene P. Allen (IRA)
    Clarksburg, MD

15. Srinivasa R. Allu
    Quincy, MA

16. Anita L. Altheide TTEE
    Charles R. Altheide TTEE
    Anita L. Altheide Living Trust
    U/A DTD 06/12/97
    Hannibal, MO

17. Ambassador Life Insurance
    Company
    Houston, TX

18. Amundi
    c/o DRRT
    Miami, FL

19. Ronald R. Anderson
    Lincoln, NE

20. Wilma Anderson
    Keosauqua, IA

21. Anne Duchess of Westminster's
    Charity
    Eccleston Chester, England

22. Michel G. Araman &
    Adele C. Araman
    Buena Park, CA

23. Donald Arkley
    Redwood City, CA

24. Robert Arndt
    TR UA 07/26/1990
    Redington Shores, FL

25. Margaret Arsenault;
    Margaret Arsenault &
    Edward Arsenault, JT TEN
    Stow, MA

26. Anna H. Ashby
    Churchville, VA

27. James C. Atkins &
    Leola T. Atkins
    Richmond, VA

28. Barbara H. Babcock &
    Arthur E. Babcock
    Carmel Valley, CA

29. Richard J. Babiars
    Auburn, NY

30. Robert J. Baldes, Sr.
    Albany, NY

31.  William Proctor Ball
     Grifton, NC

32.  Grace Louise Baltusnik
     Charlotte, NC

33.  Banque Genevoise de Gestion SA
     on behalf of its clients
     Geneve, Switzerland

34.  Barbara Barbaria
     San Francisco, CA

35.  Brian Barbaria
     San Francisco, CA

36.  Janet D. Barker
     Black Diamond, WA

37.  Melvin K. Barneko &
     Alice M. Barneko, JT TEN
     Valparaiso, IN

38.  John Baron and Etta Baron
     Newtown, PA

39.  Doreen C. Barrows
     Leesburg, FL

40.  Charles R. Bassett
     Newton Highlands, MA

41.  Gerald D. Bastin &
     Wendy Bastin
     Arden, NC

42.  Dorothy Anne Bayliss
     Charlotte, NC

43.  F. James Becher, Jr.
     Greensboro, NC

44.  Robert Beck
     Boothwyn, PA

45.  Elizabeth Jeannette Beighau
     Temple City, CA

46.  Fannie Bond Bellamy
     Windsor, NC

47. Merle Bellis
    Ellensburg, WA

48. Verna E. Belmer
    Citrus Heights, CA

49. Robert Faro Belport & Christine
    E. Belport JT TEN
    Green Bay, WI

50. Melvin Belsky
    Alamo, CA

51. James Thomas Benge &
    Elizabeth Benge TR
    UA Nov. 18, 1992
    The Benge Revocable Trust
    Pryor, OK

52. Joyce J. Berdal &
    Raymond J. Berdal JT TEN
    Madison, WI

53. Janet T. Berrier
    Groton, VT

54. Mark L. Bigelow
    Mifflintown, PA

55. James K. Biggs, Jr.
    Houston, TX

56. Emily Boell
    Corona, CA

57. Joan Elaine Boone
    Berkeley, CA

58. Joseph Borello
    New York, NY

59. Louise M. Botica
    Debary, FL

60. Merle Lee Bourn (Roth IRA)
    La Grange, IL

61. Thomas David Bourne, MD
    Charlottesville, VA

62. Margaret A. Bowden (Roth IRA)
    North Providence, RI

63.  Thomas H. Bowden
     North Providence, RI

64.  Donald C. Boyer
     Oakville, IA

65.  Jeannette Bragg
     Enfield, CT

66.  Anne M. Braisted, Trustee
     Paul W. Braisted Family Trust
     Columbia, MO

67.  James H. Brammer, Jr.
     Lynchburg, VA

68.  Preston R. Branksy &
     Zena Bransky
     Glencoe, IL

69.  Sherry Philippet Brewster
     Newport, WA

70.  Adelina M. Bride
     Portland, OR

71.  Iva H. Brown
     Nashville, TN

72.  Katherine Ann Brown
     Litchfield Park, AZ

73.  Margaret Brown
     Montrose, CO

74.  Donald Brunell
     Walnut Creek, CA

75.  Lillian F. Brunell
     Livingston, NJ

76.  Roy Lewis Bubb
     St. Petersburg, FL

77.  Charles F. Buckland &
     Carol J. Buckland
     Alexander, NC

78.  Robert W. Buckner
     Floral Park, NY

79.  D. Landon Buffington
     Smyrna, GA

80.  Ilya Burlak
     Marlboro, NJ

81.  George A. Burton, Jr.
     Rocky Mount, NC

82.  Estate of Robert D. Busch
     Sunnyvale, CA

83.  John A. Bushong
     Arlington, VA

84.  Jean Sueanne Butler
     Atlanta, GA

85.  Martha Butterfield
     Chattanooga, TN

86.  Michael A. Cahoon
     Engelhard, NC

87.  Ronald Wayne Campbell
     Jackson, MI

88.  J. Alex Canepari
     Memphis, TN

89.  Giuseppe Caprio & Eva Caprio
     Bologna, Italy

90.  Vincent Carlson
     Bloomington, IL

91.  The Carnegie Family Trust
     U/A DTD 09/02/98
     James & Susan Carnegie TTEES
     Minden, NV

92.  Hilda M. Carter & John M. Carter
     (deceased)
     Jackson, GA

93.  Bill Sweeney Castillo Trust,
     Willard S. Sweeney, Trustee
     Roscommon, MI

94.  Nancy A. Castleberry
     Winton, CA

6

SPA26

95. Marie G. Catanese
    Estero, FL

96. Jane L. Caviglia
    Visalia, CA

97. Shirley M. Cawley
    Aurora, IL

98. Caroline Chan
    Murrieta, CA

99. Carmen Chavez-Lopez
    Pico Rivera, CA

100. Andrew Cheesman
     Newburgh, NY

101. Frances R. Cherry TTEE
     FBO Frances R. Cherry Trust
     U/A/D 8/26/91
     Spartanburg, SC

102. Chickasaw Foundation
     Ada, OK

103. Hetty Chong &
     Russell Chong
     Oakland, CA

104. Razzakul H. Chowdhury
     San Luis Obispo, CA

105. Lenore C. Christel
     Manitowoc, WI

106. Josephine Ciufo
     Greece, NY

107. Eleanor Clements, Trustee
     UA 19-April-95 Eleanor
     Clements Living Trust
     Norwood, NJ

108. David R. Clinton
     Bullhead City, AZ

109. Marguerite S. Cockey Dec'd TR
     Marguerite S. Cockey Trust
     Barbara C. Thompson, Executor
     Modesto, CA

110. Cheryl Coddington
     Jupiter, FL

111. Philip M. Comerford, Trustee
Trust U/A DTD 4/30/1926 by
Percival Smith Hill II
Naples, FL

112. John Consolo
Hawthorne, NJ

113. Frank B. Contratto
Aurora, IL

114. Glen Dale Conway &
Elvira Conway
St. Louis, MO

115. Robert P. Cook, Jr.
Lafayette, CA

116. Bruce Cook
Westwood, MA

117. Charlotte C. Cook (deceased)
Lafayette, CA

118. Vergie Cooper
Wilmington, DE

119. Wheirda M. Cooper
Magnolia, AR

120. J. Robert Corson
Cottonwood, AZ

121. Harold D. Cox &
Marilyn E. Fisher
Hubbard, OR

122. Charles K. Craig
Charlotte, NC

123. Ann Elizabeth Craven
North Wilkesboro, NC

124. Cyril E. Crawley
Glocester, RI

125. Ann Crossland
Pasadena, CA

126. Robert E. Crowder &
Dorothy A. Crowder
TR UA 5/29/91
Crowder Family Trust
Carson City, NV

127. Oscar E. Cruz
Pinole, CA

128. Thomas L. Curth
Indio, CA

129. Dade T. Curtis
Dunlap, IL

130. Deanna M. Dack
Oakley, CA

131. Marion E. Dalbey
Grover Beach, CA

132. Robert Daniel
Huntington Beach, CA

133. Darrow Family Bypass Trust
Elk Grove, CA

134. Leslie Lamont Darrow (deceased)
& H. Marie Darrow (deceased) &
their survivors
Elk Grove, CA

135. Brian L. Daves
Charlotte, NC

136. Gloria M. Davies
Bryans Road, MD

137. Dorothy M. Davis
Nanjemoy, MD

138. Kenneth J. Davis
San Diego, CA

139. Martha Ann Davis
Fresno, CA

140. Patricia R. Davis
Manchester, NH

141. Thomas Lee Davis
Seal Beach, CA

142. Bruck Dawit
Annandale, VA

143. Roy E. Day
     Decatur, GA

144. Joyce Kathleen Debusk
     Glade Spring, VA

145. Anita Degreef
     Sint-Pieters-Leeuw, Belgium

146. Deka International Luxemburg
     S.A.
     Luxembourg

147. Deka Investment GmbH
     Frankfurt, Germany

148. Robert L. Deleeuw
     Kalamazoo, MI

149. Estate of Mamie A. Delzell
     Pawleys Island, SC

150. Frances A. White DeSear
     Brandon, FL

151. Peter R. Disciascio &
     Joyce M. Disciascio, JT WROS
     Ocean City, NJ

152. Thelma D. Domenicone
     San Fernando, CA

153. Betty P. Donohoe
     Fairfax, VA

154. Taso E. Dontchos
     Centennial, CO

155. Gertrude M. Doody
     Arlington, MA

156. Kathleen L. Dooley Maley
     Indian Trail, NC

157. William S. Dorsey
     Owings Mills, MD

158. Laura Dawn Doscher
     Rockville, MD

159. Helen M. Douglas
     Fairport, NY

160. Dan C. Doyle
     Torrance, CA

161. Donie B. Driver
     Commerce, GA

162. Estate of Adeline A. Duecker
     Madison, WI

163. Dorothy A. Duffy
     Irmo, SC

164. Dorothy Dufner
     Sun Lakes, AZ

165. Walter Dufner
     Sun Lakes, AZ

166. Burl Duncan
     Linville, NC

167. Jason Dupuis
     Berlin, MD

168. John F. Duran, Jr. &
     Ruth M. Duran, JT TEN
     Woburn, MA

169. Elizabeth L. Dyer, TTEE
     Elizabeth L. Dyer Rev Trust
     UAD 4/27/07
     St. Paul, MO

170. Lisa F. Dylan & Gary F. David,
     Trustees, David Revocable
     Intervivos Trust
     Fred David (deceased)
     Sacramento, CA

171. Virgie L. Earl
     Sun City Center, FL

172. Alireza Ebrahim (aka Ali R.
     Ebrahimi) & Tahereh Jamshidi
     Falls Church, VA

173. Mary L. Edmonds
     Union City, CA

174. Robert Elkins
     New Glarus, WI

175. Wayne Ellithorpe, TTEE &
Annette Marie Ellithorpe, TTEE
Prescott, AZ

176. Marlyn S. Eltanal
TR UA 07-OCT-82
Eltanal Family Residual Trust
Scottsdale, AZ

177. Joyce Empson
Scio, NY

178. EOSCO (nominee partnership),
by Margaret K. Gutmann,
General Partner
Middletown, CT

179. Irmgard Erickson
Arlington, VA

180. Frances P. Eriksen
Sun City West, AZ

181. Susan F. Evans &
Nancy F. Henderek, Trustees
Weston P. Figgins Trust
U/A DTD 2/9/1989
Peabody, MA

182. James L. Faircloth &
MaeLynn Faircloth
Statesville, NC

183. Estate of Lillian H. Falk
Camp Hill, PA

184. Ernest Farmer &
Caroline W. Farmer
Silver Springs, FL

185. Alvin J. Faulkner
Corinth, TX

186. Lorraine Ferrall
Simi Valley, CA

187. Ann S. Ficatier
Poissy, France

188. Jeremy Fineberg
Cedarhurst, NY

189. Martin Fineberg
Teaneck, NJ

190. Finger Interests Number One,
Ltd.
Houston, TX

12

191.  Richard B. Finger
      Houston, TX

192.  Marie M. Fiorella
      Glen Rock, NJ

193.  Walter C. Fisch & Ann G. Fisch,
      Joint Acct with Rights of
      Survivorship
      Savannah, GA

194.  Estate of Louis H. Flanders
      East Amherst, NY

195.  Angela M. Flanery
      Louisville, KY

196.  Robert E. Fletcher,
      Ramona I. Fletcher
      Dixon, CA

197.  Barbara C. Flowers
      Wilson, NC

198.  Lonnie L. Floyd, Jr. (deceased)
      Forest, VA

199.  Judith M. Flynn
      Corvallis, OR

200.  Viola Fogg
      North Berwick, ME

201.  Dan B. Foland
      Wilmington, OH

202.  Bruce Forsberg
      Escondido, CA

203.  Robert L. Freeman
      Allentown, NJ

204.  Catherine French
      Moorestown, NJ

205.  Bonnie Friedman
      Cherry Hill, NJ

206.  Harvey M. Mitnick, as Executor
      of the Estate of Nathan A.
      Friedman; Nathan A. Friedman
      (Rollover IRA)
      Haddonfield, NJ

13

**SPA33**

207. Nicholas Fung
New York, NY

208. Linda Gaddini, Custodian for
Gregory A. Gaddini
San Francisco, CA

209. John M. Garrett
Atlanta, GA

210. Estate of Mary Ann Gates
Atlanta, GA

211. Mary H. Gault, Trustee
Richard H. & Mary H. Gault
Trust
Vassar, MI

212. Medric Gay
St. Charles, MO

213. Margaret L. Gear
Sunnyvale, CA

214. Megan Gebhardt
Lake Ozark, MO

215. Virginia L. Geck,
St. Georgen, Germany

216. Elizabeth Geers Tr.
Revocable Trust UA 12/21/01
Concord, NH

217. Robert Gegnas
Jupiter, FL

218. Garit Gemeinhardt
Waxhaw, NC

219. Dean Gentry
St. Maries, ID

220. J. B. George
Granbury, TX

221. Nancy Gerard
Minooka, IL

222. Karen Gerstein
Quebec, Canada

**SPA34**

223. Bernard R. Gervais &
     Margaret E. Gervais, Trustees
     Yorktown, VA

224. Mary M. Gibbs
     Cohasset, MA

225. Kenneth W. Gibson
     Gretna, VA

226. Shirley S. Gibson
     Gretna, VA

227. Deborah Hitchcock Gilbert
     Merrimac, MA

228. Marvel S. Gill Revocable Trust
     Marvel S. Gill, Trustee
     Meredith Frenette, Secondary
     Trustee
     Essex, CT

229. Anita Giovannoni
     Walnut Grove, CA

230. William A. Glenn &
     Linda D. Glenn
     Carlinville, IL

231. Patricia Glisson
     Riverview, FL

232. Eugenia C. Glow
     San Diego, CA

233. Jill Wender Goldstein
     Suffern, NY

234. Antone R. Gonsalves
     New Bedford, MA

235. Robert J. Goodwin
     Rochester, NY

236. Government of Singapore
     Investment Corporation Pte Ltd.
     c/o DRRT
     Miami, FL

237. Constance C. Govi, Trustee
     Govi Residual Trust UA 9-8-06
     San Rafael, CA

238. Constance C. Govi, Trustee
     Govi Survivor Trust UA 9-8-06
     San Rafael, CA

15

239.  Steve Graber
      New York, NY

240.  Beverly Ann Gracia &
      Elsie Souza JT TEN
      New Bedford, MA

241.  Charles R. Grady
      Raleigh, NC

242.  Lloyd D. Graham
      Knob Knob Noster, MO

243.  William L. Graham
      Davie, FL

244.  Deanna L. Gratrix
      Palmer, AK

245.  John Green
      Littleton, CO

246.  Frank V. Grimaldi
      Belmont, MA

247.  Kristin I. Grimes &
      Daniel E. Grimes
      Las Vegas, NV

248.  Jess Edward Grissom &
      Betty Ann Grissom. JTWROS
      Texarkana, TX

249.  Louie Grob, Jr.
      Williams, CA

250.  Richard J. Groleau &
      Rosa Lee M. Groleau, Trustees
      Richard J. Groleau & Rosa Lee
      M. Groleau Revocable Living
      Trust Sallisaw, OK

251.  Robin Poston Growley
      Charlotte, NC

252.  Charles J. Guenther
      Egg Harbor City, NJ

253.  Susan Jane Gustafson &
      Paul Ellis Gustafson JT TEN
      Mesa, AZ

254.  Barbara T. Guthneck
      Dallas, TX

16

255. Dian Gutierrez
Lake Villa, IL

256. Betty S. Hair
Chapin, SC

257. The Hamer Living Trust
Robert C. Hamer, TTEE
Lucerne S. Hamer, TTEE
Carpinteria, CA

258. Carl A. Hamill
Moon Township, PA

259. Jenny Hann
Hillsboro, OR

260. Helen S. Hansen
Pasadena, CA

261. Gary Joseph Hardegger
Salem, OR

262. Claudia J. Harewood
Mattapan, MA

263. Melvin A. Harkins
Bend, OR

264. Marcella Harris
Glendale, CA

265. George E. Harrison
Crossville, TN

266. Alice C. Harwick
Fort Worth, TX

267. Eugene H. Hasenberg & Ruth E.
Hasenberg Trust
Palm Harbor, FL

268. Tanya M. Hassell
Fort Worth, TX

269. Winfred K. Hassell
Farmersville, TX

270. Janice Hawkins &
Norman Hawkins
Sherman, TX

271. Norma Louise Hayden Family
Trust UA 22-NOV-88
Norma Louise Hayden, Trustee
Yorba Linda, CA

272. Alice E. Haynes
Medford, MA

273. Steven J. Hays
Kennewick, WA

274. Steven J. Hays TR. UA 05/01/92
Georgia Phillips Hays Irrevocable
Trust
Kennewick, WA

275. Ernest Headrick
Mira Loma, CA

276. Linda Sue Headstream
Katy, TX

277. Gloria Jean Helms
Chickasha, OK

278. Harriette H. Hendrix
Thomaston, GA

279. Roy D. Henrichson & Helen M.
Henrichson, Trustees
Henrichson Trust
Franklin, TX

280. Kelly Dyan Hill (Roth IRA)
Concord, NC

281. Gwen F. Hintzen, aka
Gwendolyn Hintzen
Stockton, CA

282. Leo Wesley Hoag (deceased)
Salinas, CA

283. Lyle A. Hoefer &
Joan M. Hoefer, JTWROS
Littleton, CO

284. Lyle A. Hoefer TOD Joan M.
Hoefer
Littleton, CO

285. Wayne Hoelscher
Keller, TX

286. Darlene M. Holben
Highlands Ranch, CO

287. Estate of Harlan H. Holben
    Highlands Ranch, CO

288. Nells S. Hoogendam
    New Bern, NC

289. Louis Gordon Hooper
    Tahoe City, CA

290. R. Hopewell
    Riverdale, GA

291. Katherine A. Horvath
    Hancock, MI

292. Patrick J. Gillbride, Trustee of the
    Mildred Mae Howell Trust
    Burlingame, CA

293. Marcella T. Hoyt
    Pennington, NJ

294. Doris Hrinda
    Gwynedd Valley, PA

295. HSBC Trinkaus Investment
    Managers S.A.
    c/o DRRT
    Miami, FL

296. HSBC Trustee (Singapore)
    Limited, as trustee for OPC
    Executive
    (FUS) Scheme
    Singapore

297. Sarah Hudson
    Tyringham, MA

298. Chase D. Hughes &
    Cathy A. Hughes
    Staunton, VA

299. Marmion Duane Hull
    Pacific Palisades, CA

300. Jose Icasiano, Jr.
    Vallejo, CA

301. Hiromu Iida
    Burbank, CA

302. International Fund Management
    S.A.
    Luxembourg

19

**SPA39**

303. Internationale
Kapitalanlagegesellschaft mbH
c/o DRRT
Miami, FL

304. Laura A. Iremonger
Pittsburg, CA

305. Shinichi Ishikawa & Myrna E.
Ishikawa JT TEN
Camden, AR

306. E. George Iversen (deceased)
Houston, TX

307. Roman & Tracey Iwanczuk
TTEE Iwanczuk Family Trust
dated 10/29/1999
Cradley, United Kingdom

308. George T. Jackson &
Mildred V. Jackson, Trustees
TR UA March '98
The George and Mildred Jackson
Family Trust DTD 3/18/98
Spring Valley, CA

309. Jalenak Holdings Partnership
Memphis, TN

310. Leo R. Jalenak, Jr.
Memphis, TN

311. Peggy E. Jalenak
Memphis, TN

312. Preston and Beverley James
TTEES
Davis, CA

313. Vivian L. Jamison
Yoe, PA

314. Jax II Inc.
Brooksville, FL

315. Richard Jazwin & Jan Jazwin
Phoenix, AZ

316. William H. Jeffress, Jr.
Washington, DC

317. Estate of Rebecca M. Jenkins
Rehoboth, DE

318. Peggy M. Jennings, TTEE
UA DTD 7/20/01
The Jennings Living Trust
Pollock Pines, CA

**SPA40**

319. Norman Jernberg (deceased) &
     Kayette C. Jernberg
     Carson City, NV

320. Willy H. Jeromin (IRA)
     New London, NH

321. Jerry E. Finger 1976 Childrens
     Trust, FBO Walter G. Finger
     Houston, TX

322. Jerry E. Finger Family Trust
     DTD 12/22/89
     FBO Walter G. Finger
     Houston, TX

323. Jerry E. Finger Family Trust
     UTA DTD 12/22/89
     FBO Richard Finger
     Houston, TX

324. Kenneth Alan Jewett, Trustee
     Bruce Willits King Family Trust
     Nevada City, CA

325. Clarence F. Johnson, Jr.
     Harvest, AL

326. Averill Ann Johnson Walters
     Corpus Christi, TX

327. Alphonse I. Johnson &
     Veronica E. Johnson
     Newark, IL

328. Lawrence W. Johnson, TTEE
     UA DTD 2/5/03
     Johnson Family Trust
     Rocklin, CA

329. Michael D. Johnson
     Leo, IN

330. Robert B. Johnson &
     Portia J. Johnson
     Wernersville, PA

331. Roy O. Johnson
     Keene, NH

332. Cora M. Jones
     Coeburn, VA

333. Cora M. Jones &
     Herbert Donald Jones (deceased)
     Coeburn, VA

334. Elise U. Jones
     Mt. Pleasant, SC

335. Rotha J. Jones
Green Bay, VA

336. Leland D. Jungmeyer &
Betty M. Jungmeyer JT TEN
Lohman, MO

337. Carolyn Kachmann
Hilton Head, SC

338. Norman R. Kahant (deceased)
Lake Worth, FL

339. Patricia A. Karsten (Roth IRA)
Boerne, TX

340. Aaron Katz
New York, NY

341. Joel R. Katz, individually and as
Trustee for Margolin Family
Trust A, Margolin Family Trust
B, and Joel R. Katz Family Trust
New York, NY

342. David Hersholt Kauffman &
Ruth Kauffman, Trustees
Kauffman Family Trust
Dated July 20, 1994
Los Angeles, CA

343. Ellaneita Keenum TTEE
Bypass Trust w/ Keenum Family
Living Trust
Farmers Branch, TX

344. Gary Keierleber &
Beverly Keierleber
Camano Island, WA

345. Frederick C. Kemmerley
Elloree, SC

346. Peter J. Kennedy (deceased) &
Ethel V. Kennedy JT TEN
Sea Girt, NJ

347. Helen M. Kerbavaz
Richmons, CA

348. George A. Keyser
Ramona, CA

349. Dr. William J. Kinnard, Jr.
Baltimore, MD

350. James R. Klaus
Bristol, PA

22

351. Lisa Kleback (as beneficiary of
     Ruth A. Nagy)
     Gainesville, VA

352. Edward F. Kline, Jr.
     La Mesa, CA

353. Anne P. Knecht
     Emmaus, PA

354. Ken Koch &
     Luretta Koch
     Lawrenceburg, TN

355. Rebecca Koraska &
     John T. Koraska (deceased)
     Tyler, TX

356. Yolanda B. Korth
     Cypress, TX

357. Andrew J. Kosinski & Margaret
     A. Kosinski
     TR UA 5/18/1998
     Kosinski Trust
     Winter Springs, FL

358. Loretta M. Kuhn
     San Diego, CA

359. Michael Kurnitz Irrevocable
     Living Trust
     Harold Kurnitz, Trustee
     New York, NY

360. Ruth Kurnitz Irrevocable Living
     Trust, Harold Kurnitz, Trustee
     New York, NY

361. Pamela Kyu
     San Francisco, CA

362. Gloria C. Ladore
     Laconia, NH

363. Mary Margaret Lamberson
     Monett, MO

364. Silas B. Langfitt III TTEE
     Silas B. Langfitt III
     Revocable Trust DTD January
     27, 2000
     Thomasville, NC

365. Lansdowne Developed Markets
     Fund Ltd.
     c/o DRRT
     Miami, FL

366. Lansdowne Developed Markets
     Fund, L.P.
     c/o DRRT
     Miami, FL

**SPA43**

367. Lansdowne Global Financials
Fund Limited
c/o DRRT
Miami, FL

368. Lansdowne Global Financials
Fund, L.P.
c/o DRRT
Miami, FL

369. Linda M. LaPointe
Washington, UT

370. Robert H. Largey &
Marguerita Quinn Largey
Union, NJ

371. Charlotte L. Larrick
TR UA 2/25/1990 Charlotte Lee
Larrick Trust
Columbia, MO

372. John Laubach &
Marilyn Laubach
Shelton, WA

373. Jean K. Lauder &
W. B. Lauder, Jr. (deceased)
Weslaco, TX

374. Robert Jay Lee
Flushing, NY

375. The JK and MD Lehman Family
Trust, Jack Kiehl Lehman, TTEE
Lacey, WA

376. Derick Harry Leonard
Jacksonville, FL

377. Robert B. Leonard
Ontario, CA

378. Christine Levandusky
West Warwick, RI

379. Diane Lewis & Gregory W.
Lewis (deceased) IRA
Calabash, NC

380. Evelyn Ligon
New York, NY

381. F.A. Lingl, M.D.
Chagrin Falls, OH

382. Friedrich A. Lingl, Trustee
Friedrich A. Lingl Trust
Chagrin Falls, OH

24

383. Mildred S. Litt
     Albuquerque, NM

384. Frances DeJuan Littell
     Hugoton, KS

385. Elaine F. Lizzio &
     Elaine F. Lizzio, Trustee
     U/A DTD 04/10/02
     Elaine F. Lizzio Trust
     Pompano Beach, FL

386. Wallace M. Lodine
     Medina, WA

387. Elizabeth R. Lohman &
     Verne D. Lohman
     Springfield, OR

388. Emilio M. Lontok
     Las Vegas, NV

389. Lotte G. Lopez
     TOD Carmen L. Bright
     Melbourne, FL

390. Estate of Elsie E. Lore
     State College, PA

391. Lynn Margaret Lovie
     The Villages, FL

392. Robert John Lovie
     The Villages, FL

393. Judith A. Lowe
     Quebec, Canada

394. Alfred H. Lowen & Gertrude E.
     Lowen JT TEN (both deceased)
     Boca Raton, FL

395. Gloria J. Loyola
     Antioch, CA

396. Ida Lu
     Rohnert Park, CA

397. Louis Lubrano (Roth IRA)
     Fairview, NJ

398. Ruth S. Lugar &
     Nancy J. Dixon (both deceased)
     JT TEN
     Frederick, MD

**SPA45**

399. Ruth S. Lugar (deceased) &
     Linda M. Lugar JT TEN
     Frederick, MD

400. Sylvia Luton
     Hausville, WA

401. Virginia M. Lyons
     Littleton, CO

402. Danois G. Madrid
     Daly City, CA

403. Ray C. Magee and Barbara J.
     Magee JT TEN
     Shelburne, VT

404. Evan Magruder
     New York, NY

405. Rima Manookian
     Northridge, CA

406. Donna Marchetti
     Alameda, CA

407. Yanier Marrero & Circe Martinez
     Las Vegas, NV

408. John G. Marshall &
     Wanda M. Marshall
     La Habra, CA

409. David L. Martin &
     Lillian M. Martin JT TEN
     Concord, VA

410. Ralph B. Martin, Jr.
     Hanover, PA

411. Sebastien Masclet
     Zellwood, FL

412. Laura Harris Mason
     Pittsboro, NC

413. Patricia A. Mason &
     H. Leslie Mason JT TEN
     Bradenton, FL

414. John P. Mathews and Florence M.
     Mathews, TTEES
     The John and Florence Mathews
     Family Trust
     Tiffin, OH

415. Lottie E. Mathews TTEE
Carthage, MO

416. Melvin F. Matsumoto &
Lynne Reiko Matsumoto
(deceased), Trustees
Lynne Reiko & Melvin F.
Matsumoto Family Trust
U/A DTD 6/12/2001
San Jose, CA

417. Dorothy Mauro
Fremont, CA

418. Elizabeth A. May
Belen, NM

419. Elizabeth A. May, TTEE
U/A DTD 5/01/01
May Family Trust
Belen, NM

420. Nancy C. May, TTEE
The May Family Trust
Arcadia, CA

421. Patricia Ann Mayer
Grove City, OH

422. Marie Mazzaferro &
Frank Mazzaferro
Rome, NY

423. Marjorie B. McCann
Jericho, VT

424. Wilson C. McCarthy
Vienna, VA

425. Edward P. McCool &
Barbara J. McCool, Trustees
McCool Rev Living Trust
UA 3/7/96
Wakefield, RI

426. Anne B. McCormick &
John Christopher Speakman
Corvallis, OR

427. Mary A. McCormick, Trustee
Mary A. McCormick
Revocable Trust
Raleigh, NC

428. Ramphan T. McCray
St. Paul, MN

429. Mary J. McCrindle
West Park, NY

430. Joy A. McElroy Tr.
UA 24-Mar-88
The McElroy Living Trust
Glendora, CA

431. Alice M. McFadden
Buford, GA

439. Maria H. Mendes
Boston, MA

432. McGrew Family Revocable Trust,
U/A DTD 8/19/03, James A.
McGrew &
Mary L. McGrew, Trustees
Palatine, IL

440. Joseph W. Mengel
Chapel Hill, NC

433. Catherine Rae McHaffey
Colorado Springs, CO

441. George C. Mertel, decendent
Estate of George C. Mertel,
James G. Mertel, Personal Rep.,
& James G. Mertel, as remaining
Joint Tenant
Baltimore, MD

434. Dale J. McKee
Greenwood, MS

442. Neil Mesick
Willimantic, CT

435. Robert M. McKenzie &
Elaine S. McKenzie JT TEN
Joppatowne, MD

443. Jean G. Mesropian
Scottsdale, AZ

436. Audrey McQuay
Pacific Palisades, CA

444. Beatrice J. Michaels
Manorville, NY

437. The MD Lehman Irrevocable
Trust, Jack Kiehl Lehman, TTEE
Lacey, WA

445. William D. Michaely TTEE
Michaely Living Trust
U/A 9/22/04
Reno, NV

438. Kathleen D. Mello
New Bedford, MA

446. Joan Letitia Miller Living Trust,
Catherine M. Gray TTEE
UA DTD 7/14/1998
Marion, NC

447.  Marie B. Miller
      Tucson, AZ

448.  Phyllis Milleville
      Orchard Park, NY

449.  Ada Minneci &
      Charlene Guarino TTEE
      Ada Minneci LVG TR
      U/A/D 3-10-04
      Rockford, IL

450.  Karen K. Mizusaki
      Las Vegas, NV

451.  Laureen K. Mohn
      Detroit, MI

452.  MONTANCO (nominee
      partnership),
      by Margaret K. Gutmann,
      General Partner
      Middletown, CT

453.  Estate of Elizabeth F. Moore
      Pennington, NJ

454.  Ozella M. Moore
      St. Louis, MO

455.  James K. Moorman &
      Joan M. Moorman
      Batesville, IN

456.  Michael J. Moravan
      Fort Collins, CO

457.  Kenneth M. Morrison
      Needham Heights, MA

458.  Margaret Jane Mugisch
      Wyckoff, NJ

459.  Joel Munoz
      Encinitas, CA

460.  Susan L. Murray
      South Pasadena, CA

461.  Richard L. Muth
      Richard L. Muth Family Trust
      Mission Viejo, CA

462.  Maharaj Muthusamy
      St. Louis, MO

29

463. David Nagy (as beneficiary of
     Ruth A. Nagy)
     Leesburg, VA

464. Ruth A. Nagy
     Haymarket, VA

465. Edith Naiser
     Houston, TX

466. Shirley Nakagawa & Richard M.
     Nakagawa (deceased)
     Fresno, CA

467. Donald M. Nash & Geraldine G.
     LaBarbera
     Tampa, FL

468. Albert C. Nassan
     Vermontville, NY

469. Paul J. Nau
     Pisgah Forest, NC

470. Vilma Nau
     Pisgah Forest, NC

471. Mirna M. Neda
     New York, NY

472. Catherine A. Nelson
     Ballwin, MO

473. Kathy J. Nelson
     Plainsboro, NJ

474. Tom E. Nelson III
     Austin, TX

475. Elvira R. Neuendorf
     Jacksonville, FL

476. Kristin E. Neufeld
     Auburn, NY

477. New York State Common
     Retirement Fund
     Albany, NY

478. New York State Teachers'
     Retirement System
     Albany, NY

479. Angelin N. Newton (IRA)
Dothan, AL

480. Hoang N. Nguyen
Las Vegas, NV

481. Father Martin Nikodem
Trumbull, CT

482. Janet S. Nishimura
TR UA 29-Dec-92
Janet Shizue Nishimura
Revocable Trust
Honolulu, HI

483. Janet S. Nishimura
TR UA 29-Dec-92
Masayoshi Nishimura Revocable
Trust
Honolulu, HI

484. Elaine Noreck &
Bernard E. Noreck JT TEN
Shelby Township, MI

485. Mary Louise Novak
Seaford, DE

486. George A. Nurisso
Avon, CT

487. George A. Nurisso (Roth IRA)
Avon, CT

488. George A. Nurisso (Traditional
IRA)
Avon, CT

489. George A. Nurisso, Custodian for
George C. Nurisso, UTMA
Avon, CT

490. Beverly J. Obedzinski
Crystal River, FL

491. Eileen O'Brien TR
UA 5/06/98
Eileen O'Brien Revocable Trust
Homer Glen, IL

492. Estate of Evelyn Odlivak,
Barbara DeRosa (beneficiary)
New York, NY

493. William R. Oeding &
Barbara P. Oeding
Destin, FL

494. Susan J. Omlor
Sandusky, OH

**SPA51**

495. Estate of John R. Orrick
     Towson, MD

496. Ann M. O'Shaughnessy
     Naples, FL

497. Ann M. O'Shaughnessy &
     Joseph F. O'Shaughnessy
     Naples, FL

498. Joseph F. O'Shaughnessy
     Naples, FL

499. Alyce M. Othot
     Nashua, NH

500. David R. Overfield
     Independence, KS

501. Phyllis A. Overmier
     Upper Sandusky, OH

502. Jeanne M. Overton &
     Annette Papin
     Anitoch, CA

503. William Owen, Jr. & Charity E.
     Owen Family Trust
     Charity E. Owen, Sole Trustee
     William Brian Owen, POA
     Yuba City, CA

504. Violet M. Oyama
     Honolulu, HI

505. Richard J. Palicka
     Lisle, IL

506. Donald M. Papa &
     Cleo E. Papa, Trustees
     Donald M. Papa & Cleo E. Papa
     Trust TR UA 02-04-1993
     Cypress, TX

507. The Parker Family
     Investments LLC
     Englewood, NJ

508. Drew E. Parker
     Englewood, NJ

509. Jeffrey R. Parker
     Englewood, NJ

510. Keith Parker
     Memphis, TN

**SPA52**

511. Michael A. Parker
     Englewood, NJ

512. Carolynn P. Parr
     Concord, NC

513. Charles E. Parramore, Jr.
     Camilla, GA

514. Julius Passalacqua & Cecilia M.
     Passalacqua, Trustees
     UA 10/29/97
     The Passalacqua Trust
     Willoughby, OH

515. Frances Pastan
     Silver Spring, MD

516. Anna Pateka
     Baltimore, MD

517. Walter G. Paul &
     Ruth E. Paul
     Hines, OR

518. T. Jay Paxton &
     Doris M. Paxton, TTEES
     T. Jay and Doris Paxton Trust
     Jackson, MI

519. Dolores A. Pechette TR
     UA 3-31-10 Dolores A. Pechette
     Revocable Trust
     Portland, OR

520. Rosemarie A. Pekarek
     Toms River, NJ

521. Lester A. Pelkey
     Essex, VT

522. Joady Boulware Perrett, Trustee
     Joe Boulware Trust
     U/T/A DTD 1/21/1987
     Hendersonville, NC

523. Erik P. Perrin
     Daphne, AL

524. Richard Petersen &
     Mary Alice Petersen TTEE
     2002 Petersen Family Trust
     Castro Valley, CA

525. Nancy Beth Peterson
     Egg Harbor, NJ

526. Ruth B. Phelps
     Alhambra, CA

33

527. Clifford L. Phillips &
Frances Phillips JT WROS
Carbondale, IL

528. The Piccioni Family 2003 Trust,
UA 10/17/03, Mario Anthony
Piccioni & Marian Louise
Piccioni TTEES
Riverside, CA

529. Ingeborg Pierce &
Ingeborg Pierce (IRA)
Hallandale, FL

530. Leroy E. Pietzsch
Roscoe, TX

531. Bernard E. Pile
Tucson, AZ

532. Nadia Piskaty
Mountain View, CA

533. James & Elaine Pitenis
Daytona Beach, FL

534. Priscilla C. Piva & George Piva
New Bedford, MA

535. Vincent Plotner
Fayetteville, PA

536. Clyde M. Polichetti &
Jo R. Polichetti
Torrance, CA

537. Norman Portello Trust B,
Jean G. Portello TTEE
Lafayette, CA

538. Charles Porten, custodian for
Mia Gussen
Weston, CT

539. Charles Porten, custodian for
Hanna Porten
Weston, CT

540. Anna Posch Trust, John Posch,
Jo Ann Posch & James H. Posch,
Successor Trustees
Morton Grove, IL

541. Susan Povak
Brighton, MA

542. Barry S. Preis
Ellensburg, WA

543. Mildred L. Priest
     Quitman, AR

544. Profitable Investment Club, by
     Charlotte J. Burge, Treasurer
     Lorain, OH

545. Public Employees' Retirement
     Association of Colorado
     Denver, CO

546. Donald D. Puett
     Overland Park, KS

547. Arnold F. Punt, Sr. &
     Johanna Punt TTEES
     Arnold F. Punt Sr. Living Trust
     UA 01-08-1999
     Sioux Center, IA

548. Diana Pyeatt
     Carrollton, TX

549. Robert L. Queener &
     Darlene M. Queener
     TR UA 02-Feb-00
     Robert L. Queener Revocable
     Living Trust
     Port Charlotte, FL

550. Dorothy Rabb TR
     UA 6/21/99 Dorothy Rabb
     Revocable Living Trust
     Winter Haven, FL

551. Saroja B. Rajasekhara
     Rajasekhara Family Trust
     U/D/T DTD 9/1/2000
     Glenwood, MD

552. Irene A. Randle
     TR UA 24-APR-96
     The Irene A. Randle Family Trust
     Sacramento, CA

553. Branko Rapo (deceased)
     Matulji, Croatia

554. Michael G. Rebar (deceased)
     Des Moines, WA

555. Beverly Redgwick
     Pacific Grove, CA

556. Fay Reece
     Pampa, TX

557. Alice J. Reed
     Holt, FL

558. John R. Reed
     Holt, FL

559. Barbara J. Reel
Ankeny, IA

560. O. Gene Reising &
Mary L. Reising JTWROS
Evansville, IN

561. Monte D. & Loa I. Reynolds
Sun City, AZ

562. Joseph C. Ridenhour, TTEE
Joseph Ridenhour Revocable
Trust
UA DTD 5-27-2008
Ft. Lauderdale, FL

563. Edwin H. Rider, Jr. TTEE
Gertrude A. Rider TTEE
FBO Rider Living Trust
Vancouver, WA

564. Flora Rigotti
Portland, OR

565. David L. Riley, Sr. &
Martina D. Riley
Sacramento, CA

566. Joseph G. Robert
East Providence, RI

567. Saleeta A. Roberts
Thomaston, GA

568. Paul W. Robey
Casey, IL

569. Clair A. Robison &
Grace Darlene Robison
San Jose, CA

570. Robert W. Robisch
Mt. Airy, MD

571. Michael S. Rodriguez
Tehachapi, CA

572. Wilbert G. Rohlfsen
Windom, MN

573. Janet Romanowicz
Avon, CT

574. Janet Romanowicz (Roth IRA)
Avon, CT

36

575.  Janet Romanowicz
      (Traditional IRA)
      Avon, CT

576.  Elizabeth Cleland Ross
      (deceased)
      Eugene, OR

577.  Betty Rowell
      Liberty, TX

578.  Sandra Diane Royal
      Washington, DC

579.  Louis Ruffini &
      Barbara H. Ruffini as TTEES,
      92 Louis & Barbara Ruffini REV
      TR UA DTD 4/30/92
      Rocklin, CA

580.  Eugene M. Salute
      Encino, CA

581.  Emilia B. Salvi & Alberto Salvi
      San Francisco, CA

582.  Mariann Sandberg
      Addison, TX

583.  Muriel Adams Sanford
      Orono, ME

584.  Jack J. Sapia &
      Donna J. Sapia, JT TEN
      Miami, FL

585.  Sue Ann Sapiega
      Clearwater, FL

586.  Lisa B. Sapperstein
      Washington, DC

587.  Tim Sass
      Wayne, PA

588.  Edward J. Saylor & Lorraine M.
      Saylor (deceased)
      Puyallup, WA

589.  Nancy H. Scharber
      Winchester, TN

590.  Ethel Maxine Scher
      Enumclaw, WA

37

591.  Ronald R. Schlemer
      Denton, MD

592.  Gary Schlierf
      San Diego, CA

593.  Anna L. Schoenly & Richard D.
      Schoenly
      Potomac, MD

594.  William A. Schultes &
      Patricia D. Schultes
      Kerrville, TX

595.  Lois G. Schumann
      Maquoketa, IA

596.  Schwab 1000 Index Fund
      San Francisco, CA

597.  Schwab Capital Trust
      San Francisco, CA

598.  Schwab Core Equity Fund
      San Francisco, CA

599.  Schwab Dividend Equity Fund
      San Francisco, CA

600.  Schwab Financial Services Fund
      San Francisco, CA

601.  Schwab Fundamental US Large
      Company Index Fund
      San Francisco, CA

602.  Schwab Institutional Select S&P
      500 Fund
      San Francisco, CA

603.  Schwab Investments
      San Francisco, CA

604.  Schwab MarketTrack Balanced
      Portfolio
      San Francisco, CA

605.  Schwab MarketTrack Growth
      Portfolio
      San Francisco, CA

606.  Schwab Premier Equity Fund
      San Francisco, CA

607. Schwab S&P 500 Index Fund
San Francisco, CA

608. Schwab S&P 500 Index Portfolio
San Francisco, CA

609. Schwab Total Stock Market Index
Fund
San Francisco, CA

610. Larry E. Scott & Laurelee M.
Scott
Goodyear, AZ

611. Otis T. Scott
Fort Myers, FL

612. Jean L. Scovell
York, PA

613. Dorothy C. Seaton
Dublin, GA

614. Estate of Richard Seidenberg
Cherry Hill, NJ

615. Helen E. Seim
Walnut Creek, CA

616. Select Investors Exchange Fund,
L.P.
Houston, TX

617. Michael Serko, Jr. &
Agnes Serko, JT TEN
Endwell, NY

618. Mary Jane Seth
Baltimore, MD

619. William Doyle Shaffer
Fremont, OH

620. Steven L. Shapiro as Custodian
for Stacy Shapiro UGMA and
Marci Shapiro UGMA
Cherry Hill, NJ

621. Thomas J. Sharkey, Jr.
Watchung, NJ

622. Robert J. Shaw
Montreat, NC

**SPA59**

623. Mary L. Shay Revocable Living
     Trust UAD 11/21/02
     Mary L. Shay, TTEE
     Bradenton, FL

624. Elizabeth Shuck
     Bridgeport, CT

625. Ramon E. Shultz
     Bullhead City, AZ

626. Carolyn H. Shumway
     Lighthouse Point, FL

627. Harry D. Sigler (deceased)
     Mission Hills, CA

628. Harry D. Sigler (deceased) &
     Bonnie L. Sigler JT TEN
     Mission Hills, CA

629. Rita B. Sigman
     Tequesta, FL

630. Patricia C. Simi TR
     UA 23-Dec-00
     Simi Exemption Trust
     Roseburg, OR

631. Philip J. Sinrich
     Deborah A. Sinrich JTWROS
     Stoughton, MA

632. Linda D. Sinz
     Elk Grove, CA

633. Anthony A. Sirco
     Albuquerque, NM

634. Robert K. Skelding &
     Patricia A. Skelding, TTEE
     Skelding Family Trust
     Cadillac, MI

635. Nicholas A. Skinner
     Stowe, VT

636. Leigh Skipper
     Willow Grove, PA

637. RuthAnn Harper Skowronek
     Weed, CA

638. Roger L. Slakey &
     Mari-Ellen Slakey
     Roger L.B. Slakey Rev. Trust
     McLean, VA

40

**SPA60**

639. Elaine W. S. Smith
     C. Bradford Smothers  JT WROS
     Hot Springs, AR

640. Elwin R. Smith
     Jacksonville, FL

641. Joe J. Smith (deceased) &
     Teresa Smith JT TEN
     Belle Fourche, SD

642. Leonard Smith
     Mt. Vernon, IL

643. Soreu Soe
     San Jose, CA

644. Samuel M. Sokoloff
     Long Beach, NY

645. Christian Solms-Baruth (IRA)
     Leonardtown, MD

646. Melissa Solms-Baruth (IRA)
     Leonardtown, MD

647. Julie Parker Sorin
     Memphis, TN

648. Luka Sosic
     Irvine, CA

649. Raymond A. Sozio &
     Annette M. Sozio
     Ft. Lauderdale, FL

650. Billie H. Spencer (Trust & IRA)
     Laguna Woods, CA

651. Robert E. Spencer
     Raleigh, NC

652. Marie J. Spirito
     Providence, RI

653. N. Lavonne Spray
     Moses Lake, WA

654. Nathaniel David Springer
     Stillwater, OK

655. Philip Stadtler, Jr.
Hilmar, CA

656. Philip Alan Steed, TTEE
Natalie E. Steed Trust
San Diego, CA

657. Douglas W. Steele
Chapel Hill, NC

658. Dorothy M. Stenstrom
Medford, OR

659. B.V. Stephenson 06 Intervivos
Trust, UA Dated 11/1/06, Redfern
C. English, TTEE
Moraga, CA

660. Marvin F. Stevenson &
Lucille P. Stevenson (deceased)
McDonough, GA

661. Genevieve E. Stewart
Wayne, NY

662. Stichting Pensioenfonds ABP
Amsterdam, Netherlands

663. Howard Stinson
Aztec, NM

664. Earl J. Stitley (deceased)
Hanover, PA

665. Paul H. Stofer &
Carol A. Stofer
Climax, MI

666. Gloria C. Stone
Pompton Plains, NJ

667. Palmer L. Stone & Lu Ann R.
Stone (deceased) TIC
Fort Myers, FL

668. Stratim Capital, LLC
San Francisco, CA

669. Stratim Partners, LLC
San Francisco, CA

670. Frank G. Straub
Fishkill, NY

42

**SPA62**

671. Scott A. Strauss
Charlotte, NC

672. Cora M. Streit TTEE
Cora M. Streit Trust
U/A DTD Dec. 16, 1992
DeSoto, TX

673. Norma C. Struthers
Orange, CA

674. Wanda H. Swanson
Evans, GA

675. Kenneth D. Swartz &
Fran A. Swartz
Upper Sandusky, OH

676. Roger H. Swartz
Palatine Bridge, NY

677. Charlene R. Swiney
Lancaster, CA

678. Janet Pomeroy Swingler
Dayton, WA

679. Swiss & Global Asset
Management (Luxembourg) S.A.
c/o DRRT
Miami, FL

680. Swiss & Global Asset
Management Ltd.
c/o DRRT
Miami, FL

681. Swisscanto Asset Management
AG c/o DRRT
Miami, FL

682. Edwin Szumachowski
York, PA

683. Suzanne Talbott
Marietta, CA

684. Andrew Edward Tarling
Erith, United Kingdom

685. Carter Cover Taylor
Tacoma, WA

686. Cherry Taylor
Eugene, OR

687. Joan M. Taylor, Trustee
UA 5/26/98
The Joan M. Taylor Trust
Spring Hill, FL

688. Larry G. Taylor
Branson, MO

689. Nancy K. Taylor
Cedar Key, FL

690. Nancy Tempesta
East Hanover, NJ

691. Winnie Thein
Monterey Park, CA

692. Jeanne E. Thompson
Fair Oaks, CA

693. Ames B. Tillar &
Sudie D. Brothers JT TEN
Emporia, VA

694. Doris Myrl Tillis
Laguna Woods, CA

695. Catherine V. Toole
Mandeville, LA

696. Margarida L. Torchiana
Beverly Farms, MA

697. TOTAL S.A.
Courbevoie, France

698. Jana Lee Trebels Trust,
Dated January 19, 1998, Linda
Lee Trebels Fahey, Successor
Trustee Glenview, IL

699. Susan E. Trippet
Bloomington, IN

700. Leonard G. Trotter
Rockaway Beach, OR

701. David Tull
New Port Richey, FL

702. Fern Key Ulmer
Lodge, SC

44

703. T. Edward Umphres &
     Lillian G. Umphres
     St. Louis, MO

704. Matsuko Uyeda &
     Wallace Ida (deceased)
     Kapaa, Kauai, HI

705. Helen Valkosky
     Wintersville, OH

706. Christopher C. Van Collie TTEE
     FBO Ruth A. Van Collie Trust
     U/A/D 12-09-1996
     Bradenton, FL

707. Mary S. VanderLinde (including
     TOD Scott. H. VanderLinde,
     TOD Martha J. Hart,
     TOD Kristin K. McKay)
     Holland, MI

708. W. C. Vandiver, Jr.
     Savannah, GA

709. Emilio A. Vazquez &
     Migdalia Vazquez &
     Emilio A. Vasquez, Jr. JT TEN
     Miami, FL

710. Anna Vilkaitis &
     Agnes Scott Foundation, Inc.
     Avon Park, FL

711. Frederick Conrad Vonvoigt &
     Frances Vonvoigt Tr.
     UA 23-OCT-98,
     The Vonvoigt Family Trust
     Temecula, CA

712. Mary N. Wade, GP
     Johnson Investors, LP
     Franklin, TN

713. Leonard & Mildred
     Walker Family Trust
     U/A DTD 11/01/2005
     Petersburg, MI

714. Robert D. Walker
     Fulton, MS

715. Dale E. Wallace
     Wichita, KS

716. Richard B. Wallace TTEE
     Scottsdale, AZ

717. Barbara L. Walsh
     Narragansett, RI

718. Lawrence J. Warns
     Watsonville, CA

**SPA65**

719. Paul Watkins
Wellesley, MA

720. Larry L. Watson (IRA)
Hagerstown, MD

721. Patricia A. Watson
South Windsor, CT

722. Lorraine S. Way
Charlotte, NC

723. Elizabeth Weekley, TTEE
Independence, MO

724. Don Weining
Newark, DE

725. Cornelius F. Weinrich
Ventura, CA

726. Jack Weiss & Barbara Weiss
Yonkers, NY

727. Sylvia Weissman
Teaneck, NJ

728. Elliot Wender
Memphis, TN

729. Mark D. Wender; individually
and as custodian for Brian
Wender and Rebecca Wender
Memphis, TN

730. Penina Wender
Memphis, TN

731. Razelle Wender
Memphis, TN

732. Stanley L. Wender
Memphis, TN

733. Joseph P. White &
Joseph P. White Sharetrust
Fredericksburg, VA

734. Rosalie A. Whitehead
Peekskill, NY

46

735.  Michael Whitney
      Boynton Beach, FL

736.  Mary Jane Whitty &
      Roxane Egan
      Schroon Lake, NY

737.  Harry A. Wicht &
      Joyce A. Wicht
      Culpeper, VA

738.  Carolyn R. Wiedemeier
      St. Louis, MO

739.  Linda Wilburn &
      Richard Wilburn, JT
      Long Creek, OR

740.  Evangeline A. Wilcox
      Johnstown, NY

741.  Cleo J. Wiley
      Bend, OR

742.  Timothy J. Willard
      Fallbrook, CA

743.  The William J. McGinnis,
      Residuary Trust UA 2/23/08
      Wilmington, DE

744.  R. Joseph Williams, Jr.
      (Roth IRA)
      High Ridge, MO

745.  Williamson Family Trust,
      Robert P. and Madeline M.
      Williamson, Trustees
      Rancho Mirage, CA

746.  Steven P. Williamson
      Temecula, CA

747.  Jane R. Wilson
      Carmel Valley, CA

748.  Thomas J. Wilson &
      Beth A. Wilson JT TEN
      Wentzville, MO

749.  Carolyn K. Winter Tr.
      UA 6/23/05
      Winter Family Trust
      Coarsegold, CA

750.  Justin D. Wolf
      Charlotte, NC

**SPA67**

751. Jane B. Wollaston
La Jolla, CA

752. Women of the Uniontown
Presbyterian Church
Faunsdale, AL

753. The Women of the Uniontown
Presbyterian Church, First
Presbyterian Church
Faunsdale, AL

754. Margaret C. Wood
Lilburn, GA

755. Donni K. Woods &
Phillip J. Woods
Wichita, KS

756. Donald B. Workman
La Crescenta, CA

757. Hazel P. Wright (fka Hazel L.
Pugh) & Roy L. Pugh, JTWROS
Jacksonville, FL

758. Peter C. Wyatt
Newburyport, MA

759. David P. Yaffe
Los Angeles, CA

760. Wanda L. Young
West Milton, OH

761. Arthur L. Youngblood &
Elizabeth E. Youngblood
Mobile, AL

762. Owen R. Zachritz
Faulkton, SD

763. Nancy A. Zidle &
Gerald S. Zidle JTWROS
Hooksett, NH

764. Judith A. Ziegert
Mason, OH

765. Doris A. Zimmer TTEE
Lionel N. Zimmer TTEE
The Doris A. Zimmer Rev Trust
U/A DTD 7/7/92
Richmond, VA

766. Roger H. Zion, TTEE
Otto Knauss Trust
FBO Marjorie Zion
UAD 12/29/1976
Evansville, IN

767. James E. Zlibin & Susan C.
Zlibin TTEE, Zlibin Living Trust
Minden, NV

768. Cornelia Zoon
Federal Way, WA

769. Phillip Bayarena
Ridgecrest, CA

770. Donna J. Baynes
(Roth IRA)
Belmont, CA

771. Donna T. Brimhall
Ogden, UT

772. Patricia P. Brown
Thomasville, GA

773. Jane Burr
Southport, CT

774. Julian R. Denison
Oldwick, NJ

775. Joseph F. Ferguson &
Agnes M. Ferguson
Gibsonia, PA

776. Beverly Gaines
Dallas, TX

777. Harry R. Gould
Nutley, NJ

778. Virginia Higgins & Drexel Scott
Warren, OH

779. Julia A. Hoyle (deceased)
Sanford, NC

780. John D. Pruett and Penny Coull
TTEEs of John & Lucille Pruett
Intervivos Trust
Norristown, PA

781. Rodney J. Ross,
Brenda M. Ross, &
The Ross Family Trust
Gilbert, AZ

782. Mildred E. Ruff
Cupertino, CA

783. William J. Skeats &
     Claire T. Skeats
     Commack, NY

784. Leland S. Swanson &
     Luella M. Swanson
     Puyallup, WA

785. Charles E. Van Over
     Montrose, CO

786. Benny M. Wade
     Reno, NV

787. Melissa Abich-Espinoza
     San Gabriel, CA

788. Susan C. Bauer
     Garland, TX

789. Michael Evan Eldridge
     Spring Lake, MI

790. James A. Gibbs
     Carson City, Nevada

791. Jerry Hackett
     Macomb, MI

792. Fay Helmon
     Issaquah, WA

793. Clarice Hogan Jones
     Charlotte, NC

794. James H. & Mary V.
     Nieuwenhuis Trust,
     UA 23-Jun-86
     Mary V. Nieuwenhuis, Trustee
     San Diego, CA

795. Marjorie M. Kelley
     Westwood, MA

796. Elizabeth A. King TTEE
     FBO King Family Trust
     UA 07 27 92
     Fullerton, CA

797. Estate of Julius H. Linkkila
     Brooklyn, CT

798. Liane Lion
     London, England

**SPA70**

799. Thomas Loffland
     Fort Worth, TX

800. Joe E. Maxwell
     Nashville, TN

801. Thelma McClain (deceased)
     Riverside, CA

802. Mosko Irrevocable Trust
     UA 3 22 91
     Frank Thomas Mosko, Trustee
     Bayfield, CO

803. Geena J. Oh
     Los Angeles, CA

804. Michael F. Sands
     Tustin, CA

805. George N. Scheller
     Tucson, AZ

806. Francis R. Slattery IRA
     Norristown, PA

807. Francis R. Slattery &
     Philomena C. Slattery JT TEN
     Norristown, PA

808. Philomena C. Slattery &
     Francis R. Slattery JT TEN
     Norristown, PA

809. Karen Glover Wilmoth, TRS
     FBO Wilmoth JT Grantors Trust
     Dallas, TX

810. Channa Weeratunge
     Kinwood, TX

811. Rotondo Family Trust
     Redmond, WA

**SPA71**

### United States District Court
### Southern District of New York
**Office of the Clerk**
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

Date:

In Re:

-v-

Case #:                    (        )

Dear Litigant,

Enclosed is a copy of the judgment entered in your case.

Your attention is directed to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, which requires that if you wish to appeal the judgment in your case, you must file a notice of appeal within 30 days of the date of entry of the judgment (60 days if the United States or an officer or agency of the United States is a party).

If you wish to appeal the judgment but for any reason you are unable to file your notice of appeal within the required time, you may make a motion for an extension of time in accordance with the provision of Fed. R. App. P. 4(a)(5). That rule requires you to show "excusable neglect" or "good cause" for your failure to file your notice of appeal within the time allowed. Any such motion must first be served upon the other parties and then filed with the Pro Se Office no later than 60 days from the date of entry of the judgment (90 days if the United States or an officer or agency of the United States is a party).

The enclosed Forms 1, 2 and 3 cover some common situations, and you may choose to use one of them if appropriate to your circumstances.

The Filing fee for a notice of appeal is $5.00 and the appellate docketing fee is $450.00 payable to the "Clerk of the Court, USDC, SDNY" by certified check, money order or cash. **No personal checks are accepted.**

**Ruby J. Krajick, Clerk of Court**

by: _____

, Deputy Clerk

APPEAL FORMS

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

------------------------------------------X

                              **NOTICE OF APPEAL**

          -V-

                              civ.        (  )

------------------------------------------X

Notice is hereby given that _____

                                                     (party)

hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment [describe it]

entered in this action on the _____ day of _____ , _____ .
                                    (day)                      (month)              (year)

                                   _____
                                          (Signature)

                                   _____
                                          (Address)

                                   _____
                                   (City, State and Zip Code)

Date: _____            (     )_____-_____
                                                     (Telephone Number)

**Note:** You may use this form to take an appeal provided that it is <u>received</u> by the office of the Clerk of the District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

FORM 1

### United States District Court
### Southern District of New York
#### Office of the Clerk
#### U.S. Courthouse
#### 500 Pearl Street, New York, N.Y. 10007-1213

-------------------------------------------X
|

                      -V-

-------------------------------------------X

**MOTION FOR EXTENSION OF TIME**
**TO FILE A NOTICE OF APPEAL**

civ.         (   )

Pursuant to Fed. R. App. P. 4(a)(5), _____ respectfully
(party)

requests leave to file the within notice of appeal out of time. _____
(party)

desires to appeal the judgment in this action entered on _____ but failed to file a
(day)

notice of appeal within the required number of days because:

[Explain here the "excusable neglect" or "good cause" which led to your failure to file a notice of appeal within the required number of days.]

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____    (   ) _____-_____
(Telephone Number)

**Note:** You may use this form, together with a copy of Form 1, if you are seeking to appeal a judgment and did not file a copy of Form 1 within the required time. If you follow this procedure, these forms must be received in the office of the Clerk of the District Court no later than 60 days of the date which the judgment was entered (90 days if the United States or an officer or agency of the United States is a party).

APPEAL FORMS

**SPA74**

District Court will receive it within the 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

FORM 3

### United States District Court
### Southern District of New York
#### Office of the Clerk
#### U.S. Courthouse
#### 500 Pearl Street, New York, N.Y. 10007-1213

```
----------------------------------------X
                                        |        AFFIRMATION OF SERVICE
                                        |
            -V-                         |
                                        |        civ.           (   )
                                        |
----------------------------------------X
```

I, _____, declare under penalty of perjury that I have

served a copy of the attached _____

_____

upon _____

_____

whose address is: _____

_____

Date: _____
     New York, New York

                             _____
                                        (Signature)

                             _____
                                        (Address)

                             (City, State and Zip Code)

FORM 4

APPEAL FORMS

**SPA75**

FORM 2

### United States District Court
### Southern District of New York
#### Office of the Clerk
#### U.S. Courthouse
#### 500 Pearl Street, New York, N.Y. 10007-1213

------------------------------------------X
                      |

                      |         **NOTICE OF APPEAL**
                      |                **AND**

      -V-              |    **MOTION FOR EXTENSION OF TIME**
                      |

                      |    civ.       (   )

------------------------------------------X

1.    Notice is hereby given that _____ hereby appeals to
                                (party)
the United States Court of Appeals for the Second Circuit from the judgment entered on _____ .
                    [Give a description of the judgment]

2.    In the event that this form was not received in the Clerk's office within the required time

_____ respectfully requests the court to grant an extension of time in
        (party)
accordance with Fed. R. App. P. 4(a)(5).

      a.    In support of this request, _____ states that
                                     (party)
this Court's judgment was received on _____ and that this form was mailed to the
                          (date)
court on _____ .
        (date)

                                _____
                                    (Signature)

                                _____
                                    (Address)

                                _____
                                  (City, State and Zip Code)

Date: _____          (   )    _____
                                    (Telephone Number)

**Note:** You may use this form if you are mailing your notice of appeal and are not sure the Clerk of the

APPEAL FORMS

**SPA76**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK
**Office of the Clerk**
**U.S. Courthouse**
**500 Pearl Street, New York, NY**

| | |
|---|---|
| **IN RE BANK OF AMERICA CORP. SECURITIES, DERIVATIVE, AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION** | **Master File No. 09 MDL 2058(PKC) ECF CASE** |
| **THIS DOCUMENT RELATES TO:**<br><br>**CHARLES N. DORNFEST,**<br><br>    **Plaintiff**<br><br>       **v.**<br><br>**BANK OF AMERICA CORPORATION, MERRILL LYNCH & CO, INC., KENNETH D. LEWIS, JOE L. PRICE, NEIL A.COTTY, JOHN A. THAIN, WILLIAM BARNET III, FRANK P. BRAMBLE, SR., JOHN T. COLLINS, GARY L. COUNTRYMAN, TOMMY R. FRANKS, CHARLES K. GIFFORD, MONICA C. LOZANO, WALTER E. MASSEY, THOMAS J. MAY, PATRICIA E. MITCHELL, THOMAS M RYAN, O. TEMPLE SLOAN, JR., MEREDITH R. SPANGLER, ROBERT L. TILLMAN, and JACKIE M. WARD,**<br><br>       **Defendants.** | **Civil Action No. 10-CIV-275 (PKC) ECF Case**<br><br><br>**<u>NOTICE OF APPEAL</u>** |

NOTICE is hereby given that Plaintiff Charles N. Dornfest hereby appeals to

the United States Court of Appeals for the Second Circuit from the Judgment entered on

April 9, 2013 (Docket # 871 in C.A. No.  09 MDL 2058 and Docket # 109 in C.A. No. 10

Civ. 275), insofar as the Judgment dismissed the complaint of Plaintiff Charles N.

Dornfest for violations of the Securities Laws; and the ORDER, entered on September 29,

2011 (Docket # 468 in C.A. No. 09 MDL 2058 and Docket # 66 in C.A. No. 10 Civ.

275), denying Plaintiff Charles N. Dornfest the right to move to certify a class of BoA

option investors.

Dated:   New York, New York
       April 24, 2013

                                        BRAGAR EAGEL & SQUIRE, PC


                                        By:   s/ Jeffrey H. Squire_____
                                            Jeffrey H. Squire (JS 8910)
                                        Raymond A. Bragar
                                        Lawrence P. Eagel
                                        885 Third Avenue, Suite 3040
                                        New York, New York 10022
                                        Telephone: (212) 308-5858
                                        Facsimile:  (212) 486-0462


                                        ABBEY SPANIER, LLP


                                        By:   s/ Judith L. Spanier_____
                                            Judith L. Spanier
                                        Karin E. Fisch
                                        212 East 39th St.
                                        New York, New York 10016
                                        Telephone: (212) 889 3700
                                        Facsimile: (212) 684-5191


                                        Attorneys for Plaintiff


To:    ECF Service List